**BAKER BOTTS** LLP

2001 ROSS AVENUE
SUITE 900
DALLAS, TEXAS
75201-2980

TEL +1 214.953.6500
FAX +1 214.953.6503
BakerBotts.com

AUSTIN
BRUSSELS
**DALLAS**
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
WASHINGTON

August 27, 2024

Monica H. Smith
TEL: 2149536929
FAX: 2146614929
monica.smith@bakerbotts.com

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

    Re:    <u>Kouyate v. Bai Brands, LLC; Case No. 24-cv-3993</u>

Dear Judge Subramanian:

    This firm represents Defendant Bai Brands, LLC ("Bai") in the above-referenced case. We write on behalf of Bai to respectfully request a stay of discovery and a continuance of the Initial Pretrial Conference currently set in this case for September 12, 2024, pending a decision on Bai's motion to dismiss, ECF Dkt. Nos. 14-16.

    "Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Valentini v. Grp. Health Inc.*, No. 20-CV-9526 (JPC), 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021) (citation omitted). "If a motion to dismiss is pending, 'courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.'" *Alapaha View Ltd. v. Prodigy Network, LLC*, 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citation omitted). Bai's request for a stay should be granted for several reasons.

    ***First***, Bai's motion seeks to dismiss the Complaint in its entirety, and its success would therefore dispose of the entire action. When a motion to dismiss is dispositive and potentially meritorious, courts in this district regularly grant motions to stay discovery. *See Press v. Primavera*, No. 21-CV-10971, 2022 WL 17736916, at *2 (S.D.N.Y. Dec. 16, 2022) (granting motion to stay discovery and holding that "[b]ecause Defendant's success on the motion to dismiss would dispose of the entire action, this factor weighs in favor of granting the requested stay"); *Valentini*, 2021 WL 861275, at *1 (staying discovery pending motion to dismiss, and stating "Defendants have made a sufficient showing on the merits, which could potentially be dispositive,

**BAKER BOTTS** LLP

- 2 -

that weighs in favor of a stay"); *Alapaha View Ltd.*, 2021 WL 1893316, at *2 (staying discovery and finding that the defendant's "motion to dismiss cuts in favor of a stay because 'it is potentially dispositive, and appears to be not unfounded in the law'") (citation omitted).

Here, Bai's motion to dismiss would be dispositive of Plaintiff's entire Complaint, and Bai has made a strong showing on the merits to warrant dismissal. As laid out in the motion to dismiss, Plaintiff's theory for the New York General Business Law ("GBL") claims—that a reasonable consumer would be misled by the "No Artificial Sweeteners" label because the sweeteners have been processed in some manner so they can be used to sweeten a beverage—is unsustainable both according to common sense and applicable caselaw, because the Plaintiff himself admits that each of the alleged sweeteners at issue *derives from a natural product*. (ECF Dkt. No. 15 at 7–13). Plaintiff's allegations are also deficient in that the allegations fail to tie the processes described to those Bai actually uses. *Id.* at 9–11. Plaintiff's intentional misrepresentation claim fails for the same reasons, and also because of additional pleading deficiencies under Fed. R. Civ. P 9(b). *Id.* at 13–16. The first factor here thus cuts in favor of granting a stay.

***Second***, the breadth and burden of discovery in this case is significant—Plaintiff is pursuing a class action covering a six-year time period, and Plaintiff intends to seek class-wide discovery on a wide range of issues—from marketing, to consumer understanding, to sales, to product formulas. *See Sharma v. Open Door NY Home Care Services, Inc.*, 345 F.R.D. 565, 569 (E.D.N.Y. 2024) (granting motion to stay discovery pending motion to dismiss, finding it would be "unduly burdensome" for the defendant to respond to discovery where "Plaintiff has brought claims on behalf of herself and others similarly situated for the past three to six years" and "[p]ermitting class and collective-based discovery would thus serve to create an unnecessary burden should Defendant's motion to dismiss be resolved in its favor"). Moreover, when a decision on a dispositive motion "may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden . . . ." *Rivera v. Heyman*, No. 96-CV-4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997). Here, no discovery will be necessary in this forum if Bai's motion to dismiss is granted. At the very least, Bai's motion to dismiss may substantially narrow the claims in the case—for example, Bai has argued that the monk fruit extract does not, in fact, function as a sweetener in the beverages at issue, and therefore discovery regarding this particular ingredient would be wholly unnecessary. The breadth of discovery here weighs in favor as a stay, "because the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided." *Amron v. 3M Minnesota Mining & Manufacturing Company*, 23-CV-08959, 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024).

***Third***, Plaintiff will not be prejudiced by a stay. A mere delay in discovery does not constitute unfair prejudice. *Spinelli v. Nat'l Football League*, No. 13-CV-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("[A] delay in discovery, without more, does not amount to unfair prejudice."). Moreover, the parties have not yet served discovery requests in this case. Courts routinely stay discovery where, such as here, an initial conference with the Court has yet to be held and no discovery schedule has been ordered yet. *See, e.g.*, *Vida Press v. Dotcom Liquidators, Ltd.*, No. 22-CV-2044, 2022 WL 17128638, at *2 (E.D.N.Y. Nov. 22, 2022) ("[T]here

**BAKER BOTTS** LLP

- 3 -

is little or no prejudice identified if a stay is granted. The Court notes that this case is in the earliest stages – the Initial Conference has yet to be held and no discovery schedule has been ordered yet . . . ."); *see also Alapaha View Ltd.*, 2021 WL 1893316, at *2 (granting motion to stay and "not[ing] that at the time the motion to stay was filed, no discovery had been served"); *Press*, 2022 WL 17736916, at *2 (granting motion to stay after the action had proceeded for a year without discovery, noting that "the Court does not find that further delay would significantly prejudice Plaintiff").

Here, "[o]n balance – and particularly in light of the fact that Defendant's motion to dismiss would potentially dispose of the entire case, which would otherwise proceed immediately through significant discovery – the factors weigh in favor of granting the stay." *Press*, 2022 WL 17736916, at *2.

Bai respectfully requests a stay of discovery in this case pending a decision on Bai's motion. In addition, since the Initial Pretrial Conference in this case, currently scheduled for September 12, 2024, concerns the case schedule and the administration of discovery, Bai also respectfully requests a continuance of the Conference and associated deadlines until after a decision on Bai's motion to dismiss, if the Conference is still necessary at that point.

There have been no prior requests for extension of time. Plaintiff opposes this request because Plaintiff does not see this case as warranting a stay and because Plaintiff has not yet served any discovery on Bai. The parties' next scheduled appearance before this Court would be for the September 12, 2024 Initial Pretrial Conference. The remaining deadlines in this case are that Bai is to file its reply in support of its motion to dismiss on September 3, 2024, and the parties are to file a joint letter with the case management plan and scheduling order on September 5, 2024.

The parties met and conferred on August 26, 2024 via telephone conference for approximately 35 minutes total, both concerning Bai's request for a stay and other case management items. Bai's lead trial counsel Cheryl Cauley, Bai's counsel Monica Smith, and Plaintiff's lead trial counsel Trevor Flynn participated in the conference. Bai informed Plaintiff that Bai believed the parties to be at an impasse, and that Bai would be requesting a conference with the Court.

Respectfully,

*Monica H. Smith*

Monica H. Smith

Defendant's requests are DENIED. The initial pretrial conference will be held on September 12, 2024, and the parties should file their joint letter on September 5, 2024.

The Clerk of Court is directed to terminate the motion at Dkt. 18.

SO ORDERED. MS

*[signature]*

Arun Subramanian, U.S.D.J.
Date: August 27, 2024