**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MOUSSA KOUYATE, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>BAI BRANDS, LLC,<br><br>Defendant. | Case No.: 1:24-cv-03993<br><br>Hon. Arun Subramanian<br><br>ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
**CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1)**

Cheryl A. Cauley (*pro hac vice*)
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Tel: (650) 739-7557
cheryl.cauley@bakerbotts.com

Monica H. Smith (*pro hac vice*)
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX 75201-2980
Tel: (214) 953-6929
monica.smith@bakerbotts.com

Christina A. Romak
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
Tel: (212) 408-2663
christina.romak@bakerbotts.com

## I.     INTRODUCTION

Plaintiff Moussa Kouyate's remaining claims against Defendant Bai Brands, LLC ("Bai") must be dismissed in their entirety, because Plaintiff cannot show he has suffered *any* concrete injury, and therefore he has no Article III standing.  The Complaint alleges Plaintiff has standing because he suffered injury in the form of a "price premium" when he purchased Bai's flavored water products (the "Bai Products").  But Plaintiff has confirmed he has *no* evidence to show he actually paid a "price premium."  Plaintiff has no evidence showing the price he paid for the Bai Products, or when and where he purchased them—in fact, Plaintiff has no evidence whatsoever regarding *any* of his purchases of the Bai Products.  It is Plaintiff's burden to demonstrate that he has Article III standing, and he has not done so.  Bai should not be subjected to further expense defending a case brought by a Plaintiff who has no standing.  Plaintiff's claims should therefore be dismissed in their entirety.

## II.     BACKGROUND

On May 23, 2024, Plaintiff brought this putative class action, alleging violations of New York General Business Law ("NY GBL") sections 349 and 350 and alleging intentional misrepresentation based on Bai's labeling the Bai Products as containing "No Artificial Sweeteners."  *See* Complaint (ECF 1) at ¶¶ 64–72, 73–76, 77–84.  On August 12, 2024, Bai moved to dismiss Plaintiff's Complaint on the grounds that Plaintiff failed to sufficiently allege any injury under the NY GBL statute, did not plausibly allege a reasonable consumer would be deceived, failed to meet the heightened pleading standard of Fed. R. Civ. P. 9(b), and failed to adequately plead standing to pursue injunctive relief.  *See* Bai's Memorandum in Support of its Motion to Dismiss (ECF 15) at 7–21.  The Court granted Bai's Motion to Dismiss Plaintiff's intentional misrepresentation claim and request for injunctive relief, but denied the Motion as to the remaining two NY GBL claims.

It is now apparent why Plaintiff failed to plead any facts in the Complaint regarding the price he paid for the Bai products—he *does not know* how much he paid for them, or when he bought them.  In response to requests for documents showing any evidence of Plaintiff's actual purchases of the Products, including purchase receipts, Plaintiff did not produce any documentation and states he has none.  *See* Ex. A, Plaintiff's Responses to Bai's Requests for Production of Documents Nos. 1 & 2 ("Plaintiff has no responsive documents. Plaintiff is not withholding any information on the basis of any objection.").[1]  Moreover, Plaintiff also did not provide a concrete response to interrogatories asking him to identify the date(s) of purchase and the price Plaintiff paid for the products.  Plaintiff merely states that he "regularly purchased" two flavors of the Bai Products "for the last several years," and would purchase them "approximately every 2-3 weeks when he would see them at the stores where he regularly shops," which were "typically . . . from Fresh City Deli in the Bronx, from Target in the Bronx, and from Walmart in New Jersey."  *See* Ex. B, Plaintiff's Verified Amended Response to Interrogatory No. 7.  Regarding the price, Plaintiff stated he "would pay between $2 and $3 for a single bottle at Target and Walmart and between $3 and $4 for a single bottle at Fresh City Deli."  *Id.*  When Bai's counsel sought to take Plaintiff's deposition, they were told that he was unwilling to sit for a deposition and be recorded.  Declaration of Monica H. Smith ("Smith Decl.") ¶ 3.

---

[1] In addition, Request for Production No. 3 sought "All Documents, including but not limited to purchase receipts, bank or credit card statements, and retailer card or reward information, evidencing purchases of Bai Water(s) that You made during the Class Period."  *Id.* at 4.  After lodging certain objections, Plaintiff stated, "Plaintiff will not produce bank or credit card statements. Plaintiff has no other responsive documents."  *See id.* at 4–5.  At a meet-and-confer with Plaintiff's counsel about this response, Plaintiff's counsel represented that Plaintiff does not have receipts or other documents showing that he purchased the Bai products, when he purchased them, or what he paid for them. Plaintiff's counsel stated that Plaintiff's bank and credit card statements would not provide such evidence because Plaintiff does not remember the dates he purchased the Bai products or what he paid for them.  *See* Ex. C, Nov. 19, 2024 Email Correspondence Between Counsel.

## III.    LEGAL STANDARD

A case is properly dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the power to adjudicate it.  *See* Fed. R. Civ. P. 12(b)(1).  "Article III restricts federal courts to the resolution of cases and controversies . . . .  That restriction requires that the party invoking federal jurisdiction have *standing*—the personal interest that must exist at the commencement of the litigation."  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016) (citing *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732 (2008)) (emphasis in original).  "[T]he standing issue 'may be raised by a party, or by a court on its own initiative, at any stage in the litigation."  *Id.* (citation omitted).  "Where a party lacks standing to bring a claim, the court lacks subject-matter jurisdiction over that claim and must dismiss it."  *West v. Sambazon, Inc.*, No. 23-CV-2961, 2024 WL 4308812, at *3 (S.D.N.Y. Sept. 26, 2024).

"To establish that his claim meets that minimum constitutional threshold, Plaintiff must establish three things: 'first, that [he] has sustained an "injury in fact" which is both "concrete and particularized" and "actual or imminent"; second, that the injury was in some sense caused by the opponent's action or omission; and finally, that a favorable resolution of the case is "likely" to redress the injury.'"  *Kacocha v. Nestle Purina Petcare Co.*, No. 15-CV-5489, 2016 WL 4367991, at *6 (S.D.N.Y. Aug. 12, 2016) (citations omitted).

"[W]hen a bona fide dispute is raised as to the presence of federal jurisdiction it is the affirmative burden of the party invoking such jurisdiction . . . to proffer the necessary factual predicate—not simply an allegation in a complaint—to support jurisdiction."  *London v. Polishook*, 189 F.3d 196, 199 (2d Cir. 1999).  "In such a case, 'no presumptive truthfulness attaches to the complaint's jurisdictional allegation; rather, the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts.'"  *Dakus v. Koninklijke Luchtvaart Maatschappij, N.V.*, No. 22-CV-7962, 2023 WL 5935694, at *3 (S.D.N.Y. Sept. 12, 2023) (citation omitted).

"[A] defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading." *Carter*, 822 F.3d at 57. A fact-based challenge pursuant to Rule 12(b)(1) does ***not*** convert the motion into a motion for summary judgment. *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1010–11 (2d Cir. 1986) (explaining that "when, as here, subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise," and holding that "a 12(b)(1) motion cannot be converted into a Rule 56 motion").

"[T]he proper procedure for a district court presented with a standing motion is to consider Article III standing on a Rule 12(b)(1) motion first before considering the issues of statutory standing that 'may be closely related to, if not inextricably entwined with,' the merits." *RBCI Holdings, Inc. v. Drinks Americas Holdings, Ltd.*, No. 07-CV-2877, 2008 WL 759339, at *3 (S.D.N.Y. Mar. 20, 2008) (citing *Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87 (2d Cir. 2006)).

## IV.    ARGUMENT

"To establish standing under Article III of the Constitution, a plaintiff must show '(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief.'" *Akridge v. Whole Foods Mkt. Grp., Inc.*, 20-CV-10900, 2022 WL 955945, at *4 (S.D.N.Y. Mar. 30, 2022) (citing *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020). "Concrete injuries are 'physical, monetary, or cognizable intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts.'" *Id.* (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021)). "'Article III standing requires a concrete injury even in the context of a statutory violation.'" *Id.* (citing *Harty v. W. Point Realty, Inc.*, 477 F. Supp. 3d 163, 167 (S.D.N.Y. 2020), *aff'd*, 28 F.4th 435 (2d Cir. 2022)).

Whether a plaintiff has Article III standing is determined separately from whether a plaintiff has suffered an injury under the NY GBL statute. *See Fishon v. Peloton Interactive, Inc.*, 620 F. Supp. 3d 80, 90 (S.D.N.Y. 2022) (explaining that "[t]he Court independently analyzes whether Plaintiffs have Article III standing. That inquiry is analytically distinct from the question whether the plaintiff has pleaded facts sufficient to sustain a claim under NYGBL §§ 349 and 350."). However, the harm required to establish injury for the purposes of both Article III and NY GBL is essentially the same—namely, whether Plaintiff paid a "price premium." *See id.* at 92 (explaining that "allegations that a plaintiff suffered a price premium injury is sufficient to support Article III standing"); *Axon v. Florida's Nat. Growers, Inc.*, 813 F. App'x 701, 703–04 (2d Cir. 2020) (holding that "[a]s for Article III standing, Axon has suffered an injury-in-fact because she purchased products bearing allegedly misleading labels and sustained financial injury – paying a premium – as a result"); *Kacocha*, 2016 WL 4367991, at *7 (explaining that "the law is clear that economic injury—including that caused by paying a premium—is sufficient to establish injury for standing purposes").

Here, the ***only*** harm Plaintiff alleges is that he suffered a "price premium" injury, i.e., the "Plaintiff alleges he 'would not have purchased the Bai Waters, or would not have been willing to pay the price he paid, if he knew that the "No Artificial Sweeteners" labeling claim was false and misleading,'" and "[h]e also alleges '[t]he Bai Waters cost more than similar products without misleading labeling and would have cost less absent Bai's false and misleading statements and omissions.'" *See* Plaintiff's Opposition to Motion to Dismiss (ECF 17) (citing ECF 1 at ¶¶ 48–49). However, Plaintiff's discovery responses now show that he did not suffer any such injury. Plaintiff cannot establish how much he paid for the products at any particular store on any

particular date—in fact, Plaintiff has no record at all that he purchased any of the Bai Products, and will not sit for a deposition.

Courts in this Circuit routinely dismiss claims like Plaintiff's for failure to establish a price premium injury. A plaintiff fails to establish a price premium injury to underpin Article III standing where—as here—he cannot show that he purchased the products, cannot show how much he paid for the products, and cannot show when he purchased the products.

In *Lenzi v. L.L. Bean, Inc.*, for example, the defendant brought a motion pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing, based on a lack of proof that plaintiff actually purchased the pair of boots at issue. No. 23-CV-06117, 2023 WL 8237484, at *1–2 (W.D.N.Y. Nov. 28, 2023). The only evidence plaintiff proffered in response to the defendant's factual 12(b)(1) challenge was her own self-serving affidavit recounting the details of her alleged purchase—but she otherwise could not demonstrate she ever purchased the boots and could not even provide a receipt. *Id.* at *3. The court found this was insufficient to confer Article III standing and granted the 12(b)(1) motion, holding that, "because Plaintiff cannot show she purchased the Boots, Plaintiff cannot show that she suffered an injury arising from the purchase. Plaintiff, therefore, has not established an injury-in-fact sufficient to establish standing." *Id.* at *4. As a result, the court did not have jurisdiction over the case and was required to dismiss it. *See id.* ("[B]ecause Plaintiff does not have standing to bring this suit, this Court does not have subject matter jurisdiction to hear this case and the case is dismissed.").[2]

---

[2] In the *Lenzi* case, the court found the jurisdictional issues were intertwined with the merits, and applied the summary judgment standard in granting the 12(b)(1) motion. Here, however, while the Article III standing inquiry overlaps with statutory standing in terms of proving a "price premium" injury, the Court must decide the Article III issues first. *See RBCI Holdings, Inc.*, 2008 WL 759339, at *3 (holding that the proper procedure for a district court presented with a standing motion is to consider Article III standing on a Rule 12(b)(1) motion first before considering the

Similarly, in *Weiner v. Snapple Beverage Corp.*, the plaintiffs alleged that Snapple misleadingly labeled their beverages as "All Natural," and that they were injured by the alleged "premium price" Snapple charged for its beverages. No. 07-CV-8742, 2011 WL 196930, at *3 (S.D.N.Y. Jan. 21, 2011). Both plaintiffs sat for deposition and testified that they recalled purchasing Snapple "for '$1.50 to $1.75, around there,'" and "probably paid $1.79 plus tax or $1.79 total[, or s]omething around there," or "somewhere south of $2." *Id.* at *4. The court held that "[t]his testimony is insufficient to establish the price of Snapple purchased on these occasions." *Id.* The court also noted the plaintiffs failed to show they paid a price premium because—similar to Plaintiff here—"they had only vague recollections of the locations, dates, and prices of their purchases of Snapple." *Id.* at *3. Ultimately, the court held that "plaintiffs have failed to present reliable evidence that they paid a premium for Snapple's 'All Natural' label. . . . [T]he plaintiffs have failed to identify sufficient evidence to permit a jury to find that they suffered any injury from the alleged violation of § 349." *Id.* at *5. While the *Weiner* case dealt specifically with the plaintiffs' injury in the context of statutory standing at the summary judgment stage, the injury alleged by the plaintiffs in that case is the same as what Plaintiff claims but cannot support here—that he was injured by having to pay a "price premium."

Likewise, in *Colpitts v. Growers*, the court held that the plaintiff could not show he suffered a price premium injury based on alleged misleading labeling of the defendant's "Smokehouse Almonds." No. 20-CV-2487, 2023 WL 2752161, at *1–2 (S.D.N.Y. Mar. 31, 2023). In particular, the court held the plaintiff "has not substantiated his allegation that he personally paid a premium for the Smokehouse Almonds, since he has produced no evidence as to the price he paid for them

---

issues of statutory standing that 'may be closely related to, if not inextricably entwined with,' the merits"). However, the motion should be granted under either standard.

on any occasion when he purchased them." *Id.* at \*4.  Though *Colpitts* was decided at the summary judgment stage, the reasoning still applies here in the context of determining whether the plaintiff suffered a price premium injury.

As discovery in this case shows, Plaintiff cannot establish that he paid a price premium for the Bai Products.  Plaintiff did not produce any documentation of his purchases in response to Bai's discovery requests, and in fact, states he has none.  *See* Ex. A, Plaintiff's Responses to Bai's Requests for Production of Documents Nos. 1 & 2 ("Plaintiff has no responsive documents. Plaintiff is not withholding any information on the basis of any objection").  Nor can Plaintiff concretely identify when he purchased any Bai products, or—crucially—the price he allegedly paid.  Plaintiff can only vaguely recall that he "***regularly*** purchased" some flavors of the Bai Products over "***the last several years***." *See* Ex. B, Plaintiff's Verified Amended Response to Interrogatory No. 7 (emphasis added).  The greatest detail Plaintiff is able to provide is that he allegedly purchased the Bai Products "***approximately*** every 2-3 weeks when he would see them at the stores where he regularly shops," which were "***typically*** . . . from Fresh City Deli in the Bronx, from Target in the Bronx, and from Walmart in New Jersey." *Id.* (emphasis added).  Perhaps most importantly, Plaintiff cannot establish what price he alleges he paid for the Bai Products.  The price ranges Plaintiff provides—that he "would pay between $2 and $3 for a single bottle at Target and Walmart and between $3 and $4 for a single bottle at Fresh City Deli"—are not enough to establish he suffered a "price premium" injury.  *Id.*; *see Weiner*, No. 07-CV-8742, 2011 WL 196930, at \*4.

Like the plaintiffs in *Lenzi*, *Weiner*, and *Colpitts*, Plaintiff cannot establish he suffered a price premium injury.  Approximations of prices, dates, and locations are insufficient to show any concrete harm, and Plaintiff has therefore failed to meet his burden to show he has Article III standing.

## V.     CONCLUSION

For these reasons, Defendant requests Plaintiff's claims be dismissed in their entirety.

DATED:  January 16, 2025                    Respectfully submitted,

                                            **BAKER BOTTS L.L.P.**


                                            By: */s/ Cheryl A. Cauley*
                                                Cheryl A. Cauley (*pro hac vice*)
                                                BAKER BOTTS L.L.P.
                                                1001 Page Mill Road
                                                Building One, Suite 200
                                                Palo Alto, CA 94304-1007
                                                Tel: (650) 739-7557
                                                cheryl.cauley@bakerbotts.com

                                                Monica H. Smith (*pro hac vice*)
                                                BAKER BOTTS L.L.P.
                                                2001 Ross Avenue, Suite 900
                                                Dallas, TX 75201-2980
                                                Tel: (214) 953-6929
                                                monica.smith@bakerbotts.com

                                                Christina A. Romak
                                                BAKER BOTTS L.L.P.
                                                30 Rockefeller Plaza
                                                New York, NY 10112-4498
                                                Tel: (212) 408-2663
                                                christina.romak@bakerbotts.com

                                                *Attorneys for Defendant Bai Brands, LLC*