**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOUSSA KOUYATE, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>BAI BRANDS, LLC,<br><br>Defendant. | Case No.: 1:24-cv-03993<br><br>Hon. Arun Subramanian |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**FITZGERALD MONROE FLYNN, PC**
JACK FITZGERALD
*jftizgerald@fmfpc.com*
TREVOR FLYNN
*tflynn@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Phone: (619) 215-1741

*Attorneys For Plaintiff*

**TABLE OF CONTENTS**

I. THE FACTUAL BASIS FOR THE MOTION .................................... 1

II. LEGAL STANDARD ................................................................ 2

III. ARGUMENT ........................................................................ 4

A. Good Cause Exists to Modify the Scheduling Order to Permit Amendment ................................................................ 4

B. Bai will Not be Prejudiced by the Amendment .................................... 5

C. Bai Cannot Show any of the Other *Foman* Factors are Present ........... 6

1. Undue Delay ................................................................ 6

2. Bad Faith or Dilatory Motive ................................................ 6

3. Repeated Failure to Cure Deficiencies .................................... 7

4. Futility ................................................................ 7

IV. CONCLUSION ................................................................ 7

# TABLE OF AUTHORITIES

## Cases

*Amaya v. Roadhouse Brick Oven Pizza, Inc.*,
285 F.R.D. 251 (E.D.N.Y. 2012) ....................3

*Duling v. Gristede's Operating Corp.*,
265 F.R.D. 91 (S.D.N.Y. 2010)....................7

*Foman v. Davis*,
371 U.S. 178 (1962) ....................2

*Grochowski v. Phoenix Const.*,
318 F.3d 80 (2d Cir. 2003)....................4

*Haley v. Teachers Ins. & Annuity Ass'n of Am.*,
337 F.R.D. 462 (S.D.N.Y. 2020)....................5

*Haley v. Teachers Ins. & Annuity Ass'n of Am.*,
54 F.4th 115 (2d Cir. 2022)....................5

*Holmes v. Grubman*,
568 F.3d 329 (2d Cir. 2009)....................2, 4

*In re Currency Conversion Fee Antitrust Litig.*,
2005 WL 3304605 (S.D.N.Y. Dec. 7, 2005)....................5

*In re Gen. Motors LLC Ignition Switch Litig.*,
2017 WL 5504531 (S.D.N.Y. Nov. 15, 2017) ....................5

*In re Initial Pub. Offering Sec. Litig.*,
2008 WL 2050781 (S.D.N.Y. May 13, 2008)....................5

*Kassner v. 2nd Ave. Delicatessen Inc.*,
496 F.3d 229 (2d Cir. 2007)....................4

*Kinkead v. Humana at Home, Inc.*,
330 F.R.D. 338 (D. Conn. 2019)....................4

*Leonard v. Abbott Labs., Inc.*,
2012 WL 764199 (E.D.N.Y. Mar. 5, 2012) ....................3

*McEvoy v. ChanceLight Educ.*,
2024 WL 3957207 (N.D. Cal. Aug. 27, 2024)....................6

*Milanese v. Rust-Oleum Corp.*,
244 F.3d 104 (2d Cir. 2001) ....................7

*Oneida Indian Nation of New York State v. County of Oneida, N.Y.*,
199 F.R.D. 61 (N.D.N.Y. 2000) ....................3

*Perez v. Escobar Constr., Inc.*,
342 F.R.D. 378 (S.D.N.Y. 2022)....................3

*Ruzhinskaya v. HealthPort Techs., LLC*,
942 F.3d 69 (2d Cir. 2019) ....................3

*Scott v. Chipotle Mexican Grill, Inc.*,
300 F.R.D. 193 (S.D.N.Y. 2014)....................4

*State Teachers Ret. Bd. v. Fluor Corp.*,
654 F.2d 843 (2d Cir. 1981) ....................6

*Sullivan v. W. N. Y. Residential, Inc.*,
2003 WL 21056888 (E.D.N.Y. Mar.5, 2003) ....................3

*U.S. For & on Behalf of Mar. Admin. v. Cont'l Ill. Nat. Bank & Tr. Co. of Chicago*,
889 F.2d 1248 (2d Cir. 1989) ....................6

*U.S. ex rel. Raffington v. Bon Secours Health Sys., Inc.*,
567 F. Supp. 3d 429 (S.D.N.Y. 2021) ....................3

*Wood v. Mike Bloomberg 2020, Inc.*,
343 F.R.D. 470 (S.D.N.Y. 2023)....................3, 6

**Rules**

Fed. R. Civ. P. 15(a)(2) ....................2

Fed. R. Civ. P. 21 ........................................ 3

**Treatises**

4 Moore's Federal Practice § 21.02[3] ........................................ 3

## I. THE FACTUAL BASIS FOR THE MOTION

Plaintiff Moussa Kouyate brought this class action on behalf of a class of New York consumers alleging consumer fraud and intentional misrepresentation against Defendant Bai Brands, LLC ("Bai") for falsely representing its Bai Waters contain "No Artificial Sweeteners." *See generally* Compl. Defendant moved to dismiss the Complaint under FRCP Rules 9(b) and 12(b)(6). Dkt. No. 14. The Court dismissed Plaintiff's intentional misrepresentation claim and request for injunctive relief, but otherwise denied the motion. Dkt. No. 27.

With the pleadings set, on September 11, 2024, the parties submitted a Proposed Civil Case Management Plan and Scheduling Order. Dkt. No. 25. At the time, neither party had any reason to believe that joinder of additional parties or other amendment was necessary, and proposed September 19, 2024 (about one week later) as the deadline. *Id.* The Court adopted that proposed scheduling order. Dkt. No. 26.

The parties then engaged in written discovery, and Plaintiff timely responded to all of Bai's discovery requests, answering eight interrogatories and searching for and producing all responsive, non-privileged documents in response to 21 requests for production. Decl. of Trevor Flynn ("Flynn Decl.") ¶ 2. Discovery proceeded normally until, on January 10, 2025, Bai advised Plaintiff's counsel it intended to depose Mr. Kouyate, and requested available dates during the weeks of January 27 and February 3. *Id.* ¶ 3. Mr. Kouyate provided an available date for his deposition of January 30, and his counsel advised Bai of that availability. *Id.* Shortly afterward, however, Mr. Kouyate expressed to his counsel serious concerns about his privacy. *Id.* ¶ 4. In particular, Mr. Kouyate was adamant that he did not want his face and voice recorded. Plaintiff's counsel immediately emailed defense counsel, requesting a call to discuss the issue, and the parties conferred by phone the same day. *Id.* Recognizing that if Mr. Kouyate refused to sit for a

deposition, that may mean he would have to substitute out for a new plaintiff, Plaintiff's counsel asked during that call if Bai would stipulate to such a substitution. *Id.* ¶ 5. Shortly after, and with no advance notice, Bai filed a second motion to dismiss and has since made clear it does not agree to amending the complaint or substituting a new plaintiff. *Id.* ¶ 6.

Because Mr. Kouyate understands his deposition must be recorded, and he has no choice with respect to being deposed, he wishes to no longer be a named plaintiff. As a result, Mr. Kouyate seeks leave of the Court to amend the Complaint to remove him as the named plaintiff and to substitute in his place Lana Zinger. *See* Attachment 1, Redlined First Amended Complaint.

## II. LEGAL STANDARD

Rule 15(a) provides that where a party cannot amend as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court "should freely give leave when justice so requires" and such leave is in the court's discretion. *See id.* "[W]here, as here, a scheduling order governs amendments to the complaint . . . the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (internal quotations, citations, and quotation marks omitted).

In weighing "good cause," courts consider the factors set forth by the Supreme Court in *Foman v. Davis*, namely (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. 371 U.S. 178, 182 (1962). However, "no single factor is determinative" and "resolution of these factually unique motions requires the court to engage in a careful balancing process under *Foman* and its progeny." *Oneida Indian Nation of New York State v. County of*

*Oneida, N.Y.*, 199 F.R.D. 61, 73 (N.D.N.Y. 2000); *see also Perez v. Escobar Constr., Inc.*, 342 F.R.D. 378, 382 (S.D.N.Y. 2022) (finding undue delay, but granting leave to amend "[i]n light of the defendants' failure to show prejudice, bad faith, or futility of amendment"); *cf. Wood v. Mike Bloomberg 2020, Inc.*, 343 F.R.D. 470, 473 (S.D.N.Y. 2023) ("We agree that th[e] delay has not been explained by plaintiffs and thus, while not a lengthy period, must be found 'undue' to some degree. However, in the absence of prejudice or bad faith, undue delay is not in itself a basis to reject a motion to amend." (citations omitted)).

Plaintiff recognizes that the proposed amendment here seeks to add and remove a named party, and thus also implicates Federal Rule of Civil Procedure 21, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see also Ruzhinskaya v. HealthPort Techs., LLC*, 942 F.3d 69, 72 (2d Cir. 2019) ("Rule 21 expressly permits orders adding or dropping parties 'at any time.'" (quoting 4 Moore's Federal Practice § 21.02[3])). But there is "little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion." *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) (citations omitted); *see also Leonard v. Abbott Labs., Inc.*, 2012 WL 764199, at *7 (E.D.N.Y. Mar. 5, 2012) ("Rule 21 grants the court broad discretion to permit the addition of a party at any stage in the litigation." (citing *Sullivan v. W. N. Y. Residential, Inc.*, 2003 WL 21056888, at *1 (E.D.N.Y. Mar.5, 2003))).

To the extent Bai opposes this Motion, it "bears the burden of showing prejudice, bad faith[,] [or] futility of [ ] amendment." *U.S. ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 567 F. Supp. 3d 429, 438 (S.D.N.Y. 2021) (internal quotation marks and quotation omitted).

## III. ARGUMENT

### A. Good Cause Exists to Modify the Scheduling Order to Permit Amendment

In deciding "whether the scheduling order should be modified so as to allow an amended complaint . . . the primary consideration is whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *see also Holmes,* 568 F.3d at 335 (in the Second Circuit, "[w]hether good cause exists turns on the 'diligence of the moving party.'" (quoting *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003))).

Here, Plaintiff's counsel acted swiftly once it learned Mr. Kouyate may not be an adequate class representative, immediately raising the issue with Bai's attorneys. Flynn Decl. ¶ 7. Counsel suggested the parties to stipulate to substituting Mr. Kouyate out, but Bai instead moved to dismiss. Within days of Bai filing that motion, Plaintiff notified the Court and Bai of his intent to amend. Dkt. No. 37. The Court then ordered Plaintiff to file the present motion for leave by February 3, 2025. Dkt. No. 39. In sum, Plaintiff has been diligent.

Moreover, Plaintiff could not have filed an amended complaint before the scheduling order deadline because, once the pleadings were set, no amendments were permitted without leave of Court. And the need to substitute the named Plaintiff was not a concern until after January 10, 2025. *See Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014) (no unreasonable delay to add named plaintiff because "the Court did not conditionally certify the collective action until" after the deadline to amend and all "individuals that plaintiffs [sought] to add as named plaintiffs joined the litigation well after the" same deadline); *see also Kinkead v. Humana at Home, Inc.*, 330 F.R.D. 338, 350 (D. Conn. 2019) ("In the class action context, plaintiffs can show sufficient diligence if they move to amend once they become aware of the 'need to fill a class representative gap.'" (citations omitted)).

Amendment is particularly warranted here, and now, "given that courts seek to address any concerns with a class representative's adequacy as expeditiously as possible." *Haley v. Teachers Ins. & Annuity Ass'n of Am.*, 337 F.R.D. 462, 478 (S.D.N.Y. 2020) (citing, *inter alia*, *In re Gen. Motors LLC Ignition Switch Litig.*, 2017 WL 5504531, at *1 (S.D.N.Y. Nov. 15, 2017) ("In general, when a . . . putative class is left without adequate representation, courts hold that adding a new class representative is appropriate, even required, to protect class interests."); *In re Currency Conversion Fee Antitrust Litig.*, 2005 WL 3304605, at *3 (S.D.N.Y. Dec. 7, 2005) ("The putative class members' rights in this litigation were protected as of the filing date of the complaint . . . should the class representative become inadequate, substitution of an adequate representative is appropriate to protect the interests of the class.")), *vacated and remanded on other grounds*, 54 F.4th 115 (2d Cir. 2022).

Here, "the addition of the new plaintiff[] will support 'the procedure favored by the Second Circuit,' which requires that where the named plaintiff is no longer an adequate class representative of the class . . . 'the court should afford plaintiff['s] counsel a reasonable period of time for the substitution or intervention of a new class representative.'" *Id.* at 478 (cleaned up) (quoting *In re Initial Pub. Offering Sec. Litig.*, 2008 WL 2050781, at *2 (S.D.N.Y. May 13, 2008)).

**B. Bai will Not be Prejudiced by the Amendment**

The deadline to complete all discovery is May 30, 2025 and Plaintiff's deadline to file a class certification motion is June 13, 2025. Plaintiff is not seeking any changes to the case schedule or any other deadlines. Plaintiff will not need to take any additional discovery from Bai as a result of the amendment and while Bai will likely have to take some additional written discovery, that is not enough to show undue prejudice. Even where the party opposing amendment argues "the proposed amendment would lead to vastly increased discovery," the "party's burden

of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *U.S. For & on Behalf of Mar. Admin. v. Cont'l Ill. Nat. Bank & Tr. Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989) (citation omitted). Here, any additional discovery required as a result of amendment will be minimal, anyway. Bai's written party discovery requests are already drafted, and need only be directed to Ms. Zinger upon her substitution in. Ms. Zinger will respond promptly and make herself available for deposition as early as practicable. Flynn Decl. ¶ 7. Finally, amendment will not change the substance of the claims in any way. *See McEvoy v. ChanceLight Educ.*, 2024 WL 3957207, at *1 (N.D. Cal. Aug. 27, 2024) ("[t]he essence of the case remains what it has been from the beginning" and as a result, "there is a low risk of prejudice as . . . fact discovery remains open"); *see also Wood*, 343 F.R.D. at 474 ("because [defendant] has long been participating in discovery and preparing a defense . . . we see little likelihood the additional tasks required based on the change in class representative — and before class certification has been briefed — would cause any great burden").

If anything, Plaintiff is promoting Bai's interests—and judicial efficiency—rather than prejudicing it. If amendment is denied, Ms. Zinger will simply file a new lawsuit and Bai will likely file *another* motion to dismiss, running the risk of inconsistent decisions.

### C. Bai Cannot Show any of the Other *Foman* Factors are Present

#### 1. Undue Delay

Plaintiff moved swiftly upon learning that Mr. Kouyate would not be an adequate class representative. Bai cannot show undue delay and, in any event, delay alone is not a basis for denial of leave to amend. *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

#### 2. Bad Faith or Dilatory Motive

Plaintiff has no bad faith or dilatory motive. Ms. Zinger, if permitted to become the named

Plaintiff via amendment, will, together with Plaintiff's counsel, simply continue the litigation as it has been going. This factor easily weights in favor of permitting amendment. *Compare Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 94-95, 99 (S.D.N.Y. 2010) (in class action where plaintiffs sought leave to amend to add named plaintiff and defendant and two claims on behalf of the named plaintiff, there was "no basis to find that plaintiffs acted with dilatory purposes or bad faith").

**3. Repeated Failure to Cure Deficiencies**

Plaintiff has not yet amended the Complaint. The consumer fraud claims, the only claims alleged in the proposed amended complaint, *see* Attachment 1, already survived Defendant's first motion to dismiss. This factor thus also weighs in favor of permitting amendment.

**4. Futility**

"[L]eave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, i.e., if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). Here, the pleaded claims have already survived a Rule 12(b)(6) motion to dismiss. Ms. Zinger, as the new named Plaintiff, is asserting the same claims on behalf of the same putative class. Bai cannot show amendment will be futile.

## IV. CONCLUSION

Because Plaintiff has established good cause under Rule 16(b), the Court may add Ms. Zinger and remove Mr. Kouyate under Rule 21, and because all the *Foman* factors weigh in Plaintiff's favor, the Court should grant Plaintiff leave, pursuant to Rule 15(a)(2), to file the First Amended Complaint.

Dated: February 3, 2025

Respectfully submitted,

/s/ Trevor Flynn

**FITZGERALD MONROE FLYNN, PC**
JACK FITZGERALD
*jftizgerald@fmfpc.com*
TREVOR FLYNN
*tflynn@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Phone: (619) 215-1741

***Counsel for Plaintiff***