**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOUSSA KOUYATE, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>BAI BRANDS, LLC,<br><br>Defendant. | Case No.: 1:24-cv-03993<br><br>Hon. Arun Subramanian |

**DECLARATION OF TREVOR FLYNN IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**FITZGERALD MONROE FLYNN, PC**
JACK FITZGERALD
*jftizgerald@fmfpc.com*
TREVOR FLYNN
*tflynn@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Phone: (619) 215-1741

*Attorneys For Plaintiff*

I, Trevor Flynn, declare as follows:

1. I am a member in good standing of the State Bar of California; of the United States District Courts for the Northern, Southern, and Central Districts of California; and of the United States Court of Appeal for the Ninth Circuit. I am counsel of record in the above-captioned matter, and was admitted to practice *pro hac vice* on June 11, 2024. Dkt. No. 8. I make this declaration based on my own personal knowledge, in support of Plaintiff's Motion for Leave to Amend the Complaint.

2. The parties have aready exchanged and completed some written discovery. In October 2024, Defendant Bai Brands, LLC ("Bai") propounded eight interrogatories and 21 requests for production of documents. On October 31, 2024, Plaintiff responded to those requests and, in December 2024, following a meet and confer between myself and counsel for Bai, provided supplemental amended responses. Plaintiff also produced all responsive, non-privileged documents.

3. On January 10, 2025, Bai advised me via email that it intended to depose Mr. Kouyate remotely and requested available dates during the weeks of January 27 and February 3. After speaking with Plaintiff about his availability, I responded that Mr. Kouate was available on January 30.

4. Shortly after sending that email, I spoke again with Mr. Kouyate, who, despite having given me his availability for deposition, expressed serious concerns about his privacy. In particular, Mr. Kouyate was adamant that he did not want his face and voice recorded. I immediately emailed defense counsel, requesting a call to discuss the issue, and we conferred by phone the same day.

5. During that call, I was candid in recognizing that, should Mr. Kouyate refuse to sit for a deposition in response to a notice, it would affect the case, and I offered a few potential ways to avoid or resolve the problem, for example by stipulating to the substitution of a new plaintiff. Although on the call Bai's counsel seemed amenable to further discussion, it filed the instant motion shortly afterward, and with no further discussion or advance notice.

6. Bai has since made clear that it does not consent to amendment or the substitution of the named plaintiff.

7. Should the Court permit amendment, and Ms. Lana Zinger is substituted as the named Plaintiff, we will work diligently to respond to any discovery propounded on her and will endeavor to make herself available for deposition as soon as practicable.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 3, 2025 in San Diego, California.

/s/ Trevor Flynn
Trevor Flynn