**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOUSSA KOUYATE, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>BAI BRANDS, LLC,<br><br>Defendant. | Case No.: 1:24-cv-03993<br><br>Hon. Arun Subramanian<br><br>ORAL ARGUMENT REQUESTED |

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Cheryl A. Cauley (*pro hac vice*)
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Tel: (650) 739-7557
cheryl.cauley@bakerbotts.com

Monica H. Smith (*pro hac vice*)
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX 75201-2980
Tel: (214) 953-6929
monica.smith@bakerbotts.com

Christina A. Romak
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
Tel: (212) 408-2663
christina.romak@bakerbotts.com

**TABLE OF CONTENTS**

**Page**


I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 1

III. ARGUMENT .......... 3

A. The Court Lacks Subject Matter Jurisdiction and Cannot Grant Plaintiff's Motion. .......... 3

B. Plaintiff's Motion for Leave Should be Denied. .......... 5

IV. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.*,
87 F. Supp. 2d 281 (S.D.N.Y. 2000)....................9

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
106 F.3d 11 (2d Cir. 1997)....................9

*Audio Emotion S/A v. McIntosh Grp., Inc.*,
No. 15-CV-05735, 2017 WL 6492506 (S.D.N.Y. Jan. 11, 2017)....................9

*Berman v. Parco*,
986 F. Supp. 195 (S.D.N.Y. 1997)....................6, 7, 8

*Block v. First Blood Assocs.*,
988 F.2d 344 (2d Cir. 1993)....................10

*Cresswell v. Sullivan & Cromwell*,
922 F.2d 60 (2d Cir. 1990)....................6

*Foman v. Davis*,
371 U.S. 178 (1962)....................5

*Grochowski v. Phoenix Const*
., 318 F.3d 80 (2d Cir. 2003)....................5

*Kassner v. 2nd Ave. Delicatessen Inc.*,
496 F.3d 229 (2d Cir. 2007)....................6

*Lenzi v. L.L. Bean*,
23-CV-06117, 2023 WL 8237484 (W.D.N.Y. Nov. 28, 2023)....................4

*Lunney v. United States*,
319 F.3d 550 (2d Cir. 2003)....................9

*MacGregor v. Milost Glob., Inc.*,
No. 117-CV-06691, 2019 WL 2453340 (S.D.N.Y. Apr. 19, 2019)....................4

*Morrison v. National Australia Bank Ltd.*,
547 F.3d 167 (2d Cir. 2008)....................4

*Oneida Indian Nation of New York State v. Cnty. of Oneida, N.Y.*,
199 F.R.D. 61 (N.D.N.Y. 2000)....................6, 9

*Pressroom Unions-Printers League Income Sec. Fund v. Continental Assur. Co.*,
700 F.2d 889 (2d Cir. 1983)....................4

*Ruotolo v. City of New York*,
514 F.3d 184 (2d Cir. 2008).....5, 10

*Saint-Amour v. Richmond Org., Inc.*,
No. 16-CV-4464, 2020 WL 978269 (S.D.N.Y. Feb. 28, 2020).....4

*Sec. & Exch. Comm'n v. Rio Tinto plc*, No. 17-CV-07994,
2020 WL 2504008, at *13 (S.D.N.Y. Mar. 9, 2020).....10

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998).....4

*Tardif v. City of New York*,
No. 13-CV-4056, 2016 WL 2343861 (S.D.N.Y. May 3, 2016).....5, 8

*Twohig v. Shop-Rite Supermarkets, Inc.*,
519 F. Supp. 3d 154 (S.D.N.Y. 2021).....8

*United States v. Bond*,
762 F.3d 255 (2d Cir. 2014).....4

*Werking v. Andrews*,
526 F. App'x 94 (2d Cir. 2013).....5

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 15.....2, 5

Federal Rule of Civil Procedure 16.....5

## I. INTRODUCTION

Plaintiff's strategy to shoehorn in a new plaintiff all but confirms the concerns raised by Bai's 12(b)(1) Motion to Dismiss ("12(b)(1) Motion to Dismiss")—that the current plaintiff lacks Article III standing. Plaintiff's lack of standing is a threshold jurisdictional issue that must be decided first. Because Plaintiff does not have Article III standing, the case must be dismissed, and the Court does not have any remaining jurisdiction over the case to grant leave to amend the Complaint. It is well-settled that if the Court lacks jurisdiction from the outset, that jurisdictional failing cannot be cured by adding a new plaintiff. On this basis alone, Plaintiff's motion must be denied.

Even beyond this threshold issue, Plaintiff's motion to amend should be denied for other additional reasons. Plaintiff has failed to explain why it has taken him over eight months since the case was filed, and until the parties were halfway through discovery, to move to amend the Complaint to substitute an entirely new plaintiff. Plaintiff has been aware of his inability to show injury since *at least* Bai's 12(b)(6) Motion to Dismiss ("12(b)(6) Motion to Dismiss") in August 2024 and has not been diligent in seeking to amend. Plaintiff's belated attempt to amend now—to avoid dismissal—is improper. Allowing amendment now also would force Defendant to restart discovery relating to a new Plaintiff shortly before expert reports and the close of fact discovery, which is prejudicial to Defendant. For these additional reasons, Plaintiff's motion should be denied.

## II. FACTUAL BACKGROUND

On May 23, 2024, Plaintiff brought this putative class action, alleging violations of New York General Business Law ("NY GBL") sections 349 and 350 and alleging intentional misrepresentation based on Bai's labeling the Bai Waters as containing "No Artificial Sweeteners." *See* Complaint (ECF 1) at ¶¶ 64–72, 73–76, 77–84. On August 12, 2024, Bai moved

to dismiss Plaintiff's Complaint under Rule 12(b)(6) on the grounds that Plaintiff failed to sufficiently allege any injury under the NY GBL statute because he "failed to include any facts regarding the price he paid for the Bai Waters." *See* Bai's Memorandum in Support of its Motion to Dismiss (ECF 15) at 2. Bai further argued that Plaintiff did not plausibly allege a reasonable consumer would be deceived, failed to meet the heightened pleading standard of Fed. R. Civ. P. 9(b), and failed to adequately plead standing to pursue injunctive relief. *Id.* at 7–21. At that point, Plaintiff could have decided to amend the Complaint and notify Bai and the Court by August 22, 2024 that he intended to do so. *See* Fed. R. Civ. P. 15(a)(1)(B); Judge Subramanian Individual Practices in Civil Cases 8.G.ii ("When a motion to dismiss is filed and the non-moving party elects to amend its pleading pursuant to Federal Rule of Civil Procedure 15(a)(1), the non-moving party must, within 10 days of receipt of the motion, notify the Court and its adversary if it intends to file an amended pleading pursuant to Rule 15(a)(1), and the date by which it will do so.").

Plaintiff opted not to amend at that time, and on September 12, 2024, the Court granted Bai's 12(b)(6) Motion to Dismiss Plaintiff's intentional misrepresentation claim and request for injunctive relief, but denied the Motion as to the remaining two NY GBL claims. On that same day, this Court entered the Civil Case Management Plan and Scheduling Order for this case, which, among other deadlines, directed the parties to begin serving written discovery no later than October 1, 2024. *See* Civil Case Management Plan and Scheduling Order (ECF 26) ("Scheduling Order"). The deadline to amend the pleadings—and in particular the deadline to add new parties—was September 19, 2024. *Id.* Plaintiff's Motion comes ***four and a half months*** after that deadline, and now more than halfway through the discovery period. *Id.* Plaintiff's expert reports are due on March 17, 2025, and Defendant's expert reports are due May 8, 2025. *Id.* Discovery closes May 30, 2025. *Id.*

In accordance with the Scheduling Order, the parties began serving written discovery in September 2024. On October 31, 2024, Plaintiff responded to Bai's first set of discovery requests. *See* Ex. A, Plaintiff's Responses to Bai's Requests for Production of Documents; Ex. B, Plaintiffs' Verified Responses to Bai's Interrogatories. At that point, it became apparent that Plaintiff had no receipts or any other records of his purchases of the Bai Waters. *See* Ex. A at 3–4, Plaintiff's Responses to Bai's Requests for Production No. 1, 2, and 3; Ex. B at 7, Plaintiff's Verified Response to Bai's Interrogatory No. 7. Bai's counsel met and conferred with counsel for Plaintiff in an effort to resolve those and other deficiencies in Plaintiff's discovery responses, but by December 11, 2024, Plaintiff affirmed he had no specific recollection of any purchase. *See* Ex. C at 5, Plaintiff's Verified Amended Response to Bai's Interrogatory No. 7; Ex. D, Nov. 19, 2024 Email Correspondence Between Counsel.

Still, Plaintiff did not seek leave to amend. On January 10, 2025, Bai inquired about available deposition dates for Plaintiff but—later that same day—learned that Plaintiff refused to sit for a recorded deposition. Declaration of Monica H. Smith ("Smith Decl.") ¶ 3. Bai then brought its second motion to dismiss, its 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction, on January 16, 2025. ECF 34–36. Only after Bai brought its 12(b)(1) Motion to Dismiss did Plaintiff take any steps to amend the Complaint—first, incorrectly asserting he could do so as of right, and then via the instant Motion for Leave to Amend ("Motion"). ECF 37, 42–44.

## III. ARGUMENT

### A. The Court Lacks Subject Matter Jurisdiction and Cannot Grant Plaintiff's Motion.

For the reasons cited in Bai's 12(b)(1) Motion to Dismiss and Reply in Support (ECF 45–46), this Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff has failed

to show he suffered an injury sufficient to confer Article III standing. Plaintiff's Motion should be denied on that basis alone. Because Plaintiff lacks standing, he cannot continue to invoke this Court's jurisdiction to file an amended complaint to substitute himself out of the case.

Standing is a threshold jurisdictional issue that must be decided before any other issue in the case. *See Morrison v. National Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (explaining that "[d]etermining the existence of subject matter jurisdiction is a threshold inquiry") (citation omitted); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) ("Subject matter jurisdiction is a 'threshold question that must be resolved . . . before proceeding to the merits.'") (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 88–89 (1998)).

Should this Court grant Bai's 12(b)(1) Motion to Dismiss, it must immediately dismiss the case and cannot decide Plaintiff's Motion. "When subject matter jurisdiction is wanting because the plaintiff presently named in the complaint lacks standing, a court cannot grant leave to amend under Rule 15 to add a plaintiff for purposes of curing the jurisdictional defect. 'The longstanding and clear rule is that if jurisdiction is lacking at the commencement of a suit, it cannot be aided by the intervention of a plaintiff with a sufficient claim.'" *MacGregor v. Milost Glob., Inc.*, No. 117-CV-06691, 2019 WL 2453340, at *8 (S.D.N.Y. Apr. 19, 2019) (citing *Pressroom Unions-Printers League Income Sec. Fund v. Continental Assur. Co.*, 700 F.2d 889, 893 (2d Cir. 1983)); *Saint-Amour v. Richmond Org., Inc.*, No. 16-CV-4464, 2020 WL 978269, at *4 (S.D.N.Y. Feb. 28, 2020) (declining to permit substitution of the named plaintiff where "[t]his Court lacks subject matter jurisdiction, including for the purpose of substituting party-plaintiffs"); *see also Lenzi v. L.L. Bean*, 23-CV-06117, 2023 WL 8237484, at *4 (W.D.N.Y. Nov. 28, 2023) (holding that "because Plaintiff does not have standing to bring this suit, this Court does not have subject matter jurisdiction to hear this case and the case is dismissed").

The cases Plaintiff cites to support his argument that this Court should allow substitution of the named plaintiff all involved questions of the plaintiff's *adequacy* to serve as a class representative —and in those cases, the original plaintiffs had standing. *See* Motion at 5. Plaintiff here cannot cure his jurisdictional defect by substituting in a new Plaintiff. Amendment is not permissible to cure a lack of subject matter jurisdiction, and the Motion must be denied on that basis alone.

**B. Plaintiff's Motion for Leave Should be Denied.**

Even if the Court had jurisdiction to decide the Motion, it should be denied. As Plaintiff acknowledges, "a party must show 'good cause' to amend his or her complaint if the motion is filed after the deadline imposed by the district court in its scheduling order[.]" *Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013) (citations omitted); Fed. R. Civ. P. 15(a); Fed. R. Civ. P. 16(b); Motion at 2. "A finding of good cause depends on the diligence of the moving party." *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (citation omitted). "Under this framework, a court first considers whether the movant has shown good cause under Rule 16, and, only after finding that the good cause standard is met, proceeds to the analysis under Rule 15." *Tardif v. City of New York*, No. 13-CV-4056, 2016 WL 2343861, at *4 (S.D.N.Y. May 3, 2016).

In deciding whether to grant a motion to amend under Rule 15, courts consider the factors set forth by the U.S. Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under *Foman*, leave to amend "may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman*, 371 U.S. at 182). A "court will separately address each of the *Foman* factors, recognizing that ultimately no

single factor is determinative." *Oneida Indian Nation of New York State v. Cnty. of Oneida, N.Y.*, 199 F.R.D. 61, 73 (N.D.N.Y. 2000). "The court plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). "The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay[.]" *Id.*

**1. Lack of Diligence and Undue Delay.**

As Plaintiff concedes, in deciding "whether the scheduling order should be modified so as to allow an amended complaint . . . the primary consideration is whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). "[T]he Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay." *Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997) (citing 1 M. Silberberg, *Civil Practice in the Southern District of New York* § 6.26).

Here, Plaintiff has had ample opportunity since the summer of last year to amend his Complaint and substitute the plaintiff, but he chose not to do so. Bai raised the issue of Plaintiff's lack of allegations relating to his purchase and injury as early as Bai's Rule 12(b)(6) Motion to Dismiss, filed on August 12, 2024. *See* ECF 15 at 7 ("Plaintiff states only that he would not have paid as much as he did without the supposedly false statement but alleges no details regarding the price he paid for the Bai Waters, or that Bai actually charges a premium. . . . Such conclusory allegations are insufficient to allege an injury."). And the parties agreed to the scheduling order governing this case that required joinder of any additional parties by September 19, 2024. *See* ECF 26. By August 12, 2024, Plaintiff should have realized that he had a problem, in that he could not substantiate any of his alleged purchases of the Bai Waters with evidence. Instead of

amending, Plaintiff opposed the 12(b)(6) Motion to Dismiss and engaged in discovery, serving his responses to Bai's interrogatories and requests for production on October 31, 2024. Ex. A, Ex. B. At that point, Plaintiff indisputably knew he did not have the evidence he needed to substantiate his standing allegations (or his claims), because he told Bai in his written discovery responses that he had no purchase receipts or other records of any of his purchases of the Bai Waters, including the price he paid. *See* Ex. A at 3, Plaintiff's Responses to Bai's Requests for Production of Documents, No. 1 ("Plaintiff has no responsive documents. Plaintiff is not withholding any information on the basis of any objection"); Ex. B at 7, Plaintiff's Response to Bai's Interrogatory No. 7 (providing no information about any specific purchases). Had Plaintiff exercised diligence from the outset of this case to determine whether he had the facts required to substantiate his allegations, this Motion would not have been necessary.

Given that good cause depends on the diligence of the moving party—and the Plaintiff here has not been diligent, as Bai has laid out above—good cause does not exist to modify the Scheduling Order in this case. The parties agreed to the schedule nearly five months ago. The reason Plaintiff moves to amend *now* is because he recognizes that he cannot cure the deficiencies he should have been aware of from the outset of this case. That does not constitute good cause to amend the Scheduling Order.

Rather, "[l]eave to amend a complaint will generally be denied when the motion to amend is filed solely in an attempt to prevent the Court from granting a motion to dismiss . . . particularly when the [amendment] could have been raised earlier." *Berman*, 986 F. Supp. at 217. That is the case here. Plaintiff claims that "the need to substitute the named Plaintiff was not a concern until after January 10, 2025," when Bai requested available deposition dates from the Plaintiff. Motion at 1, 4. But this appears to be a pretext for the real issue: Bai has now pointed out Plaintiff's lack

of injury and is seeking to dismiss his claims, and Plaintiff is trying to amend in an admitted attempt to "moot" Bai's 12(b)(1) Motion to Dismiss. *See* Plaintiff's Opposition to Bai's Second Motion to Dismiss the Complaint (ECF 40) at 3. And even if Plaintiff's refusal to sit for a deposition was the *real* reason Plaintiff seeks leave to amend, Defendant's simple request for deposition dates—a basic function of discovery—should not be the catalyst for a motion for leave to amend to substitute the plaintiff. Plaintiff's counsel "should have known" about Plaintiff's unwillingness to sit for a deposition at the outset of the case, and it is insufficient to justify leave. *See Berman*, 986 F. Supp. at 217.

Given that Plaintiff has not shown good cause under Rule 16, nor has he adequately explained the lack of diligence or provided a satisfactory explanation for the delay, this Court should deny Plaintiff's Motion. *See Tardif*, 2016 WL 2343861, at *4 (explaining that a court proceeds to the Rule 15 analysis "only after finding that the good cause standard is met" under Rule 16); *Berman*, 986 F. Supp. at 217 (explaining that a court may deny a motion to amend "when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay").

**2. Repeated Failure to Cure Deficiencies and Bad Faith.**

"In general, a plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend." *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 168 (S.D.N.Y. 2021). Plaintiff fails to explain to the Court why he did not add a new plaintiff sooner despite being on notice of the issues and having ample opportunity to amend.

Although he knew about the deficiencies in Plaintiff's claims at least since Defendant's August 12, 2024 Rule 12(b)(6) Motion to Dismiss, Plaintiff chose not to amend at that time, nor did he attempt to add any parties by the September 19, 2024 deadline to do so. ECF 26. This

Court should not grant Plaintiff leave to amend now. *See* Judge Subramanian Individual Practices in Civil Cases, 8.G.ii. ("Non-moving parties are on notice that declining to amend their pleadings to timely respond to an argument in the motion to dismiss may constitute a waiver of their right to later use the amendment process to cure defects that have been made apparent by the briefing."). Bai filed its more recent Rule 12(b)(1) Motion to Dismiss based on Plaintiff's inability to substantiate his standing and injury allegations, and Plaintiff now claims he will not sit for a deposition and tries to substitute in a new plaintiff, in an apparent admission that he himself cannot cure his standing deficiencies. Given the timeline described above of when Plaintiff became aware of the deficiencies in his claims of injury, his argument that he was unaware that substitution of the plaintiff would be necessary until January 10, 2025—the date Bai asked about his deposition—suggests bad faith.

**3. Futility**

"Leave to amend need not be granted . . . where the proposed amendment would be futile." *Audio Emotion S/A v. McIntosh Grp., Inc.*, No. 15-CV-05735, 2017 WL 6492506, at *2 (S.D.N.Y. Jan. 11, 2017) (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997)). "Thus, if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim *or on some other ground*, the Court will not permit amendment. *Oneida*, 199 F.R.D. at 88 (quoting *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 298 (S.D.N.Y. 2000) (emphasis in original)).

Amendment here would also be futile. Where, as here, the Court lacks subject matter jurisdiction over the existing plaintiff, the court cannot grant leave to amend to add a new plaintiff to cure the jurisdictional issues in the case. *Lunney v. United States*, 319 F.3d 550, 560 (2d Cir. 2003) (holding that "the plaintiff in this action has not established subject matter jurisdiction" and "lack of subject matter jurisdiction means that *no one* can have standing.") (emphasis in original).

Therefore, Plaintiff's amendment is necessarily futile because the Court would have no jurisdiction over ***any*** amended complaint. This factor, once again, weighs decidedly against amendment.

**4. Undue Prejudice**

"In gauging prejudice, we consider, among other factors, whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Ruotolo*, 514 F.3d at 192 (2d Cir. 2008) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

Plaintiff claims "amendment will not change the substance of the claims in any way" but that is incorrect. Motion at 6. Plaintiff is seeking to substitute an ***entirely new*** plaintiff, which will introduce a whole new host of issues and facts to be investigated in discovery (which has already been open for many months). For example, substituting a new plaintiff raises additional questions unique to the individual plaintiff regarding, among other things, whether she suffered a concrete, individualized harm, whether and how she relied on the challenged claim, and the adequacy of the new plaintiff as a representative of the putative class. Though the parties agreed to serve their first round of discovery requests over four months ago—by October 1, 2024, per the Scheduling Order in this case—Bai will have to restart discovery relating to a new plaintiff, serve new written discovery requests, and take the new plaintiff's deposition, and will need to do so alongside expert discovery, which is set to begin in approximately one month—on March 17, 2025 when Plaintiff's opening expert reports are due. *See* ECF 26; *Sec. & Exch. Comm'n v. Rio Tinto plc*, No. 17-CV-07994, 2020 WL 2504008, at *13 (S.D.N.Y. Mar. 9, 2020) (denying leave to amend because "[r]eopening fact discovery at this stage, when the parties are working towards completing expert discovery . . . increases the likelihood of Defendants' having to 'expend significant additional resources'") (citation omitted). It is prejudicial to Bai, at this stage of the case, to amend the Complaint to substitute in an entirely new plaintiff.

## IV. CONCLUSION

For the foregoing reasons, Bai respectfully requests the Court deny Plaintiff's Motion for Leave to Amend.

DATED: February 7, 2025

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Cheryl A. Cauley*

Cheryl A. Cauley (*pro hac vice*)
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Tel: (650) 739-7557
cheryl.cauley@bakerbotts.com

Monica H. Smith (*pro hac vice*)
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX 75201-2980
Tel: (214) 953-6929
monica.smith@bakerbotts.com

Christina A. Romak
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
Tel: (212) 408-2663
christina.romak@bakerbotts.com

*Attorneys for Defendant Bai Brands, LLC*