# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MOUSSA KOUYATE, on behalf of himself, all others similarly situated, and the general public,

Plaintiff,

v.

BAI BRANDS, LLC,

Defendant.

Case No.: 1:24-cv-03993

Hon. Arun Subramanian

**PLAINTIFF'S RESPONSES TO BAI'S FIRST SET OF**
**<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to FRCP Rule 34, Plaintiff serves the following responses and objections to Defendant Bai Brands, LLC's ("Bai" or "Defendant") First Set of Requests for Production of Documents.

## I. GENERAL OBJECTIONS

The following General Objections are incorporated into Plaintiff's response to each interrogatory, whether specific reference is made to them or not:

1. Plaintiff objects to Bai's definitions to the extent they purport to impose upon Plaintiff obligations beyond those imposed by the Federal Rules.

2. Plaintiff objects to Bai's instructions to the extent they purport to impose upon Plaintiff obligations beyond those imposed by the Federal Rules.

3. Plaintiff objects to each request to the extent it seeks the disclosure of information, materials, or documents protected by the attorney-client privilege, the attorney work product doctrine, the party communication privilege, the physician-patient privilege, or any other applicable privilege or protection doctrine. The responses herein shall not be deemed to be a waiver of any such privileges or protections.

4. Plaintiff objects to each request to the extent that it seeks the disclosure of information or documents in violation of Plaintiff's right of privacy. The responses herein shall not be deemed to be a waiver of Plaintiff's or any third party's rights with respect to such information or documents.

5. Plaintiff objects to each request to the extent that it seeks "all," "each," "every," or "any" materials, information, or documents concerning various subjects or events on grounds that such requests are overbroad, unduly burdensome, not proportional to the needs of the case, and if interpreted literally, make a full and complete response potentially impossible.

6. Certain requests employ terms and phrases that Plaintiff cannot interpret or understand. In such circumstances, Plaintiff has objected on grounds that a term or request is vague and ambiguous. However, where possible, Plaintiff has made reasonable assumptions as to Defendant's intended meaning, has set forth his understanding, and has responded accordingly,

while preserving the objections as to vagueness and ambiguity.

7. Plaintiff objects to each request to the extent it calls for information that is not relevant or not proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

8. Plaintiff has not yet fully completed investigation of the facts relating to this action, has not yet completed discovery in this action, and has not completed preparation for trial. These responses are based upon such information that is presently available and specifically known to Plaintiff. It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to the known facts, or establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and/or variations in these responses. Consequently, the following responses are a preliminary analysis of an incomplete record and are given without prejudice to Plaintiff's rights to produce at the time of trial, subject to the limitations of the Federal Rules of Civil Procedure and Evidence, subsequently-discovered evidence relating to proof of facts subsequently discovered to be material.

9. Plaintiff objects to each request to the extent a full, fair, and complete response will depend upon or otherwise involve expert testimony in this action, as disclosure of expert testimony is premature at this time. Plaintiff reserves the right to supplement or modify any information herein, including evidentiary materials, as a result of expert opinion and discovery in this action.

10. To the extent Plaintiff provides information in response to the requests, Plaintiff does not in any way waive, or intend to waive, but rather intends to preserve, and is preserving:

a. All objections as to competency, relevancy, materiality and admissibility of any evidence or request, the responses and their subject matter;

b. All objections as to vagueness, ambiguity or other infirmity in the form of the request and any objections based on the undue burden imposed by the requests;

c. All rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other

action;

d. All rights to object on any ground to any further requests involving or related to the subject matter of the instant requests;

e. The right to supplement responses to the requests prior to trial as permitted under relevant rules; and

f. Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure, local rules, or other statutes, guidelines, or common law.

## II. OBJECTIONS & RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

For each and every purchase of the Bai Water(s) that You made during the Class Period, Documents sufficient to show: (a) the date of purchase; (b) the product flavor (e.g., Pilavo Pineapple Mango, Puna Coconut Pineapple, etc.); (c) the package type and size (e.g., single bottle, variety pack, etc.); (d) the quantity You purchased; (e) the price You paid; (f) the place of purchase; and (g) the identity of the Person making the purchase. (If the purchase was made by someone other than You, on Your behalf or for consumption by You or in Your household, please produce Documents sufficient to show the name of the Person making the purchase for You and Your relationship with that Person.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff objects that this Request is overly broad, unduly burdensome and not proportional to the needs of the case because it calls for information not relevant to any claim or defense in the action.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: after a diligent search, Plaintiff has no responsive documents.

Plaintiff is not withholding any information on the basis of any objection.

**REQUEST FOR PRODUCTION NO. 2**

For each and every purchase of the Bai Water(s) that You made during the Class Period: (a) the label that was affixed to the product; (b) the can, bottle, or other packaging that was sold with the product; and (c) the sales receipt that You received with the purchase of the product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff objects that this Request is overly broad, unduly burdensome and not proportional to the needs of the case. Plaintiff further objects that this Request is duplicative of Request for Production No. 1.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: after a diligent search, Plaintiff has no responsive documents.

Plaintiff is not withholding any information on the basis of any objection.

**REQUEST FOR PRODUCTION NO. 3**

All Documents, including but not limited to purchase receipts, bank or credit card statements, and retailer card or reward information, evidencing purchases of Bai Water(s) that You made during the Class Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff objects that this Request is overly broad, unduly burdensome and not proportional to the needs of the case. Plaintiff also objects to this Request on the grounds that it violates the right to privacy as recognized under the U.S. Constitution and applicable state laws protecting financial privacy. The request seeks disclosure of highly personal and private financial information that is not relevant to the claims or defenses at issue. Production of such statements intrudes upon Plaintiff's right to financial privacy. Plaintiff further objects that this request is

irrelevant and overbroad, as it demands wholesale disclosure of financial records, which more than likely would not show the level of specificity (such as specific products purchased from a grocery store) needed to be relevant in any event. This is particularly true where, as here, Plaintiff is unable to recall the precise dates during the Class Period he purchased Bai Waters. Plaintiff further objects that wholesale disclosure of bank and credit card statements is neither necessary nor proportional, especially when less intrusive means of obtaining relevant information exist, as evidenced by Bai's Request for Production Nos. 1-3, which seek virtually identical information relevant to the Lawsuit. Plaintiff further objects that this Request fails to balance the privacy interests with the actual needs of the case, as required under Rule 26(b). Plaintiff's right to privacy in his financial records outweighs any marginal benefit that might come from the production of such statements in their entirety.

On the basis of the foregoing general and specific objections, Plaintiff will not produce bank or credit card statements. Plaintiff has no other responsive documents.

**REQUEST FOR PRODUCTION NO. 4**

For each and every purchase of any fruit-flavored water, *other* than any Bai Water(s), that You made during the Class Period, Documents sufficient to show: (a) the date of purchase; (b) the name of the product and its flavor; (c) the package type and size; (d) the quantity You purchased; (e) the price You paid; (f) the place of purchase; and (g) the identity of the Person making the purchase. (If the purchase was made by someone other than You, on Your behalf or for consumption by You or in Your household, please produce Documents sufficient to show the name of the Person making the purchase for You and Your relationship with that Person.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff objects that this Request is overly broad, unduly burdensome and not proportional to the needs of the case. Plaintiff also objects that this Request seeks discovery of information

duplicative of Request No. 6. Plaintiff also objects that this Request is irrelevant to any claims or defenses asserted in this Lawsuit.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: Concurrently with these responses, Plaintiff is producing all non-privileged, responsive documents located after a diligent search.

Plaintiff is not withholding any information on the basis of any objection.

**REQUEST FOR PRODUCTION NO. 5**

All Documents, including but not limited to purchase receipts, bank or credit card statements, and retailer card or reward information, evidencing Your purchase of any fruit-flavored water, *other* than any Bai Water(s), during the Class Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff objects that this Request is overly broad, unduly burdensome and not proportional to the needs of the case. Plaintiff also objects to this Request on the grounds that it violates the right to privacy as recognized under the U.S. Constitution and applicable state laws protecting financial privacy. The request seeks disclosure of highly personal and private financial information that is not relevant to the claims or defenses at issue. Production of such statements, without sufficient limitation, intrudes upon Plaintiff's right to financial privacy. Plaintiff further objects that this request is irrelevant and overbroad, as it demands wholesale disclosure of financial records, which more than likely would not show the level of specificity (such as specific products purchased from a grocery store) needed to be relevant, in any event. This is particularly true where, as here, Plaintiff is unable to recall all of the specific dates during the Class Period he purchased any fruit-flavored waters, other than those he has records of because he purchased them online. Plaintiff further objects that wholesale disclosure of bank and credit card statements is neither necessary nor proportional to the needs of the case when less intrusive means of obtaining

relevant information exist, as evidenced by Bai's Request for Production No. 4, which seeks virtually identical information insofar as it is relevant to the Lawsuit. Plaintiff further objects that this Request fails to balance the privacy interests with the actual needs of the case, as required under Rule 26(b). Plaintiff's right to privacy in his financial records outweighs any marginal benefit that might come from the production of such statements in their entirety.

On the basis of all of the foregoing general and specific objections, Plaintiff will not produce bank or credit card statements. Plaintiff has no other responsive documents.

**REQUEST FOR PRODUCTION NO. 6**

For each and every purchase of any fruit-flavored beverage, *other* than any Bai Water(s), that You made during the Class Period, Documents sufficient to show: (a) the date of purchase; (b) the name of the product and its flavor; (c) the package type and size, (d) the quantity You purchased; (e) the price You paid; (f) the place of purchase; and (g) the identity of the Person making the purchase. (If the purchase was made by someone other than You, on Your behalf or for consumption by You or in Your household, please produce Documents sufficient to show the name of the Person making the purchase for You and Your relationship with that Person.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff objects that this Request is overly broad, unduly burdensome and not proportional to the needs of the case because it calls for information not relevant to any claim or defense in the action. Plaintiff further objects that the Request is duplicative of Request No. 4.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: Concurrently with these responses, Plaintiff is producing all non-privileged, responsive documents.

Plaintiff is not withholding any information on the basis of any objection.

**REQUEST FOR PRODUCTION NO. 7**

All Documents, including but not limited to purchase receipts, bank or credit card statements, and retailer card or reward information, evidencing Your purchases of any fruit-flavored beverage, *other* than any Bai Water(s), during the Class Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff objects that this Request is overly broad, unduly burdensome and not proportional to the needs of the case. Plaintiff also objects that "fruit-flavored beverage" is vague and unintelligible in that he cannot be expected to know what Bai means to include in "fruit-flavored beverage," which could be read to include everything from products similar to Bai Water to actual fruit juices, smoothies, fruit-based cocktails, or soft drinks, and, as result, renders this Request overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff also objects to this Request on the grounds that it violates the right to privacy as recognized under the U.S. Constitution and applicable state laws protecting financial privacy. The request seeks disclosure of highly personal and private financial information that is not relevant to the claims or defenses at issue. Production of such statements, without sufficient limitation, intrudes upon Plaintiff's right to financial privacy. Plaintiff further objects that this request is irrelevant and overbroad, as it demands wholesale disclosure of financial records. This is particularly true where, as here, Plaintiff is unable to recall all of the specific dates during the Class Period he purchased any fruit-flavored waters, other than those he purchased online and has records of. Plaintiff further objects that wholesale disclosure of bank and credit card statements is neither necessary nor proportional, especially when less intrusive means of obtaining relevant information exist, as evidenced by Bai's Request for Production No. 4, which seeks virtually identical information insofar as it is relevant to the Lawsuit. Plaintiff further objects that this Request fails to balance the privacy interests with the actual needs of the case, as required under Rule 26(b). Plaintiff's right to privacy in his financial records outweighs any marginal benefit that might come from the production of

such statements in their entirety.

On the basis of all of the foregoing general and specific objections, Plaintiff will not produce bank or credit card statements. Plaintiff has no other responsive documents.

**REQUEST FOR PRODUCTION NO. 8**

All Documents referenced in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff objects to this Request on the grounds that it seeks documents or information that are in the public domain and equally available to both parties. Plaintiff also objects that this Request is overbroad and unduly burdensome in that "Documents" could be read to include Bai Water label exemplars and Bai's own advertising, which are within Bai's possession, along with publicly-available articles, dictionary entries defining "artificial" and "synthetic," and federal statutes and regulations referenced in the Complaint, among other things, all of which are equally or more available to Bai itself.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: Concurrently with these responses, Plaintiff is producing all non-privileged, responsive documents within his possession, custody, or control, which he believes are not equally available to Bai; but if, following this production, Bai believes there are other Documents referenced in the Complaint that should be produced, Plaintiff will consider further requests for specific documents referenced in the Complaint.

**REQUEST FOR PRODUCTION NO. 9**

The complete (front, back, and side) labels for all products referenced in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Plaintiff incorporates into this response the general objections and objections to Bai's

instructions and definitions set forth above.

Plaintiff objects to this Request on the grounds that it seeks documents or information that are in (i) Bai's possession, custody, and control, and (ii) the public domain, and thus equally available to both parties.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: after a diligent search, Plaintiff has no responsive documents.

Plaintiff is not withholding any information on the basis of any objection.

**REQUEST FOR PRODUCTION NO. 10**

For each and every product referenced in the Complaint that You have purchased, Documents sufficient to show: (a) the date of purchase; (b) the name of the product and its flavor; (c) the package type and size; (d) the quantity You purchased; (e) the price You paid; (f) the place of purchase; and (g) the identity of the Person making the purchase. (If the purchase was made by someone other than You, on Your behalf or for consumption by You or in Your household, please produce Documents sufficient to show the name of the Person making the purchase for You and Your relationship with that Person.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: after a diligent search, Plaintiff has no responsive documents.

Plaintiff is not withholding any information on the basis of any objection.

**REQUEST FOR PRODUCTION NO. 11**

All Documents comprising marketing, advertisements or promotions for the Bai Waters that You saw, heard or read prior to Your purchases of the Bai Waters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Subject to and without waiving the foregoing general objections, Plaintiff responds as follows: after a diligent search, Plaintiff has no responsive documents.

Plaintiff is not withholding any information on the basis of any objection.

**REQUEST FOR PRODUCTION NO. 12**

All Documents written, composed, edited, or approved by You, including letters, papers, emails, texts, web logs, blogs, editorials, and postings on blogs or social media including but not limited to Facebook, LinkedIn, Twitter, X, Instagram, TikTok, and/or SnapChat, whether published or unpublished, regarding or referencing sweeteners in beverages or foods, monk fruit extract, stevia leaf extract, erythritol, product labeling, class action lawsuits, health, diet, nutrition, or this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff further objects that this Request calls for information that is irrelevant and is thus overbroad, unduly burdensome, and not proportional to the needs of the case to the extent to seeks discovery of information unrelated to the claims and defenses in the Lawsuit, particularly with respect to "product labeling," "class action lawsuits," or "health, diet, nutrition," generally.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: after a diligent search, Plaintiff has no responsive documents.

Plaintiff is not withholding any information on the basis of any objection.

**REQUEST FOR PRODUCTION NO. 13**

All Communications with any manufacturer or seller of any food, beverage, or other

product, including complaints and grievances. This request includes Communications to a manufacturer's or seller's consumer relations department, and includes but is not limited to, any Communications with beverage companies that manufacture, distribute, and/or sell fruit-flavored water or flavored water products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff further objects that this Request calls for information that is irrelevant and is therefore overbroad, unduly burdensome, and not proportional to the needs of the case to the extent to seeks discovery of information unrelated to the claims and defenses in the Lawsuit.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: after a diligent search, Plaintiff has no responsive documents.

Plaintiff is not withholding any information on the basis of any objection.

**REQUEST FOR PRODUCTION NO. 14**

All Documents relating to any litigation or other legal proceeding or process (including any court or judicial matter, arbitration or mediation, government or regulatory proceeding, police matter, judgment, complaint or lien) in which You were involved, including without limitation as plaintiff, defendant, complainant, respondent, litigant, or witness, or in which You had an interest, or potential interest, in the outcome (whether tried or not). (Please exclude from any response to this request any documents or information concerning Your service or potential service as a juror.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff also objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks documents which are publicly available. Plaintiff further objects to this request as overly broad and unduly burdensome in seeking all documents "relating

to" any litigation or other legal proceeding. Plaintiff further objects to this request as vague and ambiguous regarding its use of the phrase "involved," because it is unclear what constitutes otherwise being "involved" in a legal proceeding or "process." Plaintiff may withhold documents on the basis of this objection. Plaintiff further objects to this request as vague and ambiguous regarding its use of the phrase "You had an interest" because it is unclear what constitutes having an interest in a legal proceeding or process. Plaintiff may withhold documents on the basis of this objection. Plaintiff also objects to the request as irrelevant and not proportional to the needs because it seeks documents regarding "any litigation or other legal proceeding or process (including any court or judicial matter, arbitration or mediation, government or regulatory proceeding, police matter, judgment, complaint or lien)," without regard to the types of claims at issue in the lawsuit or their relevance to the claims and defenses in this action. Plaintiff may withhold documents on the basis of this objection. Plaintiff further objects that the Request, as phrased, calls for all documents relating to *this* action, thus, for example, Plaintiff's counsel's entire case file, the entire public docket in this case, Bai's discovery responses in this case, etc. Plaintiff withholds these documents on the basis of this objection.

**REQUEST FOR PRODUCTION NO. 15**

All Documents concerning any attorney advertising, including but not limited to any attorney advertising by some or all of Your Counsel, with respect to any actual or potential class action lawsuits against food or beverage manufacturers for supposed false advertising or labeling that You saw or became aware of prior to filing this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff also objects to this request as seeking information that is irrelevant, unduly burdensome, and not proportional to the needs of the case to the extent it seeks advertising not related to this Lawsuit. Plaintiff may withhold documents on the basis of this objection. Plaintiff

also objects to the extent this Request seeks discovery of information protected by the attorney-client privilege. Thus, Plaintiff construes this request as seeking only non-privileged Documents concerning any attorney advertising in Plaintiff's possession, custody, or control, that concern any actual or potential class action lawsuits against Bai for supposed false advertising or labeling of the Bai Waters.

Subject to and without waiving the foregoing general and specific objections, so construed, Plaintiff responds as follows: Concurrently with these responses, Plaintiff is producing all non-privileged, responsive documents following a diligent search.

**REQUEST FOR PRODUCTION NO. 16**

All Communications between a potential plaintiff or putative class member, on the one hand, and You or Your Counsel, on the other hand, including but not limited to those Communications in which a potential plaintiff or putative class member advised You or Your Counsel that he or she either wished or did not wish to be a member of the class that You seek to represent, and/or that he or she wished or did not wish to assert claims against Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff also objects to this Request in that it is vague and unintelligible. Plaintiff also objects that this Request calls for information that is irrelevant, unduly burdensome, and not proportional to the needs of the case to the extent it seeks discovery of information that is unreasonably vast, including "all" communications between Plaintiff and potential putative class members and/or Plaintiff's counsel and potential putative class members because this Request "includes" but is "not limited to" communications about this Lawsuit. Plaintiff also objects to the extent this Request seeks discovery of information protected by the attorney-client privilege and the work product doctrine. Thus, Plaintiff construes this Request as seeking non-privileged communications with any person who self-identified as a potential plaintiff or putative class

member regarding this Lawsuit.

Subject to and without waiving the foregoing general and specific objections, and so construed, Plaintiff responds as follows: Concurrently with these responses, Plaintiff is producing all non-privileged, responsive documents, after a diligent search.

Plaintiff is not withholding any information on the basis of any objection.

**REQUEST FOR PRODUCTION NO. 17**

All Documents regarding all agreements You have made with any putative class member, other party, attorney, expert, accountant, law firm, other professional, or other Person or entity, regarding the prosecution of this Lawsuit or the disposition of the proceeds of any settlement or judgment, including, but not limited to, each and every communication, agreement, arrangement, or understanding concerning the payment of attorney's fees, costs, or expenses of any kind with respect to this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff also objects that this Request is irrelevant, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll Documents regarding all agreements," rather than the agreements themselves. Plaintiff also objects that this Request seeks information that is not relevant to the claims or defenses in this Lawsuit. Plaintiff also objects to the extent this Request seeks discovery of information protected by the attorney-client privilege.

Subject to and without waiving the foregoing general and specific objections, and so construed, Plaintiff responds as follows: after a diligent search, there are no non-privileged documents responsive to this Request, and Plaintiff will provide a privilege log identifying any documents withheld under a claim of privilege.

**REQUEST FOR PRODUCTION NO. 18**

All Communications with anyone other than Your Counsel regarding: (a) this Lawsuit; (b) Defendant or the Bai Water(s); (c) monk fruit extract, stevia leaf extract, or erythritol; or (d) actual or threatened class action or consumer litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff also objects that this Request seeks information that is irrelevant, and thus is unduly burdensome and not proportional to the needs of the case, in that it seeks "All Communications" with "anyone" regarding "actual or threatened class action or consumer litigation." Plaintiff may withhold documents on the basis of this objection.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: after a diligent search, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 19**

All Communications between You and Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff also objects that this Request calls for information that is irrelevant, unduly burdensome, and not proportional to the needs of the case in that it seeks "All Communications" with Defendant, and is not limited to the claims or defenses in this case, or even the general subject-matter of this Lawsuit. Plaintiff also objects that this Request seeks information that is equally available to Bai.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: after a diligent search, aside from Communications relating to this lawsuit, Plaintiff has no responsive documents.

Plaintiff is not withholding any information on the basis of any objections.

**REQUEST FOR PRODUCTION NO. 20**

All non-privileged Communications with Your Counsel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff also objects that this Request is irrelevant, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll non-privileged Communications with Your Counsel," and is not limited to the claims or defenses, or even the general subject-matter of this Lawsuit. Plaintiff further objects to producing responsive documents post-dating the filing of this Lawsuit.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: Concurrently with these responses, Plaintiff is producing all non-privileged, responsive documents pre-dating the filing of this Lawsuit, following a diligent search.

Plaintiff is not withholding any information on the basis of any objection.

**REQUEST FOR PRODUCTION NO. 21**

All Documents regarding any testing, studies, surveys, or other analysis on or regarding the Bai Water(s) performed at the direction of You or Your Counsel, including, but not limited to, any evaluation of the ingredients, sweeteners, and/or components of the product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Plaintiff also objects to this Request to the extent it seeks disclosure or discovery of expert testimony, which is premature at this time. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: after a diligent search, Plaintiff has no responsive documents.

Plaintiff is not withholding any information on the basis of any objections.

Dated: October 31, 2024

/s/ Trevor Flynn

**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD
*jfitzgerald@fmfpc.com*
TREVOR FLYNN (*pro hac vice*)
*tflynn@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741
***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 31, 2024, I served the foregoing Plaintiff's Responses to First Set of Requests for Production of Documents, by e-mail, on defendant's counsel of record as follows:

**BAKER BOTTS L.L.P.**
Monica H. Smith (monica.smith@bakerbotts.com)
Cheryl A. Cauley. (cheryl.cauley@bakerbotts.com)
Christina Romak (christina.romak@bakerbotts.com)

Dated: October 31, 2024

/s/ Trevor Flynn
Trevor Flynn