# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MOUSSA KOUYATE, on behalf of himself, all others similarly situated, and the general public,

Plaintiff,

v.

BAI BRANDS, LLC,

Defendant.

Case No.: 1:24-cv-03993

Hon. Arun Subramanian

**PLAINTIFF'S RESPONSES TO BAI'S FIRST SET OF INTERROGATORIES**

Pursuant to FRCP Rule 33(b) and Local Rule 33.3, Plaintiff serves the following responses and objections to Defendant Bai Brands, LLC's ("Bai" or "Defendant") First Set of Interrogatories.

## I. GENERAL OBJECTIONS

The following General Objections are incorporated into Plaintiff's response to each interrogatory, whether specific reference is made to them or not:

1. Plaintiff objects to the definitions to the extent they purport to impose upon Plaintiff obligations beyond those imposed by the Federal Rules.

2. Plaintiff objects to each interrogatory to the extent it seeks the disclosure of information, materials, or documents protected by the attorney-client privilege, the attorney work product doctrine, the party communication privilege, the physician-patient privilege, or any other applicable privilege or protection doctrine. The responses herein shall not be deemed to be a waiver of any such privileges or protections.

3. Plaintiff objects to each interrogatory to the extent that it seeks the disclosure of information or documents in violation of Plaintiff's right of privacy. The responses herein shall not be deemed to be a waiver of Plaintiff's or any third party's rights with respect to such information or documents.

4. Plaintiff objects to each interrogatory to the extent that it seeks "all," "each," "every," or "any," information concerning various subjects or events on grounds that such interrogatories are overbroad, unduly burdensome, and oppressive, and, if interpreted literally, make an accurate response potentially impossible.

5. Certain interrogatories may employ terms that Plaintiff cannot interpret or understand. In such circumstances, Plaintiff has objected on grounds that a term or interrogatory is vague and ambiguous. Where possible, Plaintiff has made reasonable assumptions as to Defendant's intended meaning and has responded accordingly, while preserving the objections as to vagueness and ambiguity.

6. Plaintiff objects to each interrogatory to the extent it calls for information that is not relevant or not proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1).

7. Plaintiff has not yet fully completed investigation of the facts relating to this action, has not yet completed discovery in this action, and has not completed preparation for trial. These responses are based upon such information that is presently available to, and specifically known to, Plaintiff. It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to the known facts, or establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and/or variations in these responses. Consequently, the following responses are a preliminary analysis of an incomplete record and are given without prejudice to Plaintiff's rights to produce at the time of trial, subject to the limitations of the Federal Rules of Civil Procedure and Evidence, subsequently-discovered evidence.

8. Plaintiff objects to each interrogatory to the extent a full, fair, and complete response will depend upon or otherwise involve expert testimony in this action, as disclosure of expert testimony is premature at this time. Plaintiff reserves the right to supplement or modify any information herein, including evidentiary materials, as a result of expert opinion and discovery in this action.

9. To the extent Plaintiff provides information in response to the interrogatories, Plaintiff does not in any way waive, or intend to waive, but rather intends to preserve, and is preserving:

a. All objections as to competency, relevancy, materiality and admissibility of any evidence or interrogatory, the responses and their subject matter;

b. All objections as to vagueness, ambiguity or other infirmity in the form of the interrogatory and any objections based on the undue burden imposed by the interrogatories;

c. All rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

d. All rights to object on any ground to any further interrogatories involving or related to the subject matter of the instant interrogatories;

e. The right to supplement responses to the interrogatories prior to trial; and

f. Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure, local rules, or other statutes, guidelines, or common law.

## II. OBJECTIONS TO BAI'S INSTRUCTIONS

Plaintiff objects to Instruction 1 to the extent it seeks to impose obligations on Plaintiff beyond those in Fed. R. Civ. P. 33, including that the "definitions, instructions, and interrogatories are meant to be understood" more "broadly" than the rule requires.

Plaintiff objects to Instruction 2 to the extent it seeks to impose obligations on Plaintiff beyond those in Fed. R. Civ. P. 33, including to the extent it directs Plaintiff to respond to any "subsection" that is in excess of the number of interrogatories permitted under the FRCP, the local rules, or any relevant orders.

## III. OBJECTIONS & RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**

Identify the names of all Persons with knowledge of information relevant to the subject matter of the Lawsuit, and the subject matter of each Person's knowledge.

**RESPONSE TO INTERROGATORY NO. 1**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above. Plaintiff also objects that this interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case, in that it "Persons with knowledge of information relevant to the subject matter of the Lawsuit" encompasses so many individuals that it would be impossible to respond as written. For example, every single person Plaintiff knows—and every person he does not know—may have a belief about what constitutes an artificial sweetener, and thus would have "information relevant to the subject matter of the

Lawsuit."

Subject to and without waiving the foregoing general and specific objections, Plaintiff identifies himself, but otherwise objects to responding to this Interrogatory further as written.

**INTERROGATORY NO. 2**

Identify all Persons who have run testing, studies, surveys, or other analysis on or regarding the Bai Water(s).

**RESPONSE TO INTERROGATORY NO. 2**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above. Plaintiff also objects that this Interrogatory seeks disclosure or discovery of expert testimony, which is premature at this time.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: Plaintiff is not presently aware of any Persons who have run testing, studies, surveys, or other analysis on or regarding the Bai Water(s).

**INTERROGATORY NO. 3**

Identify all Persons from whom You purchased the Bai Water(s) during the Class Period, including the name of any stores and the addresses of such stores.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: To the best of his recollection, during the Class Period, Plaintiff purchased Bai Water from:

- Walmart Supercenter; 400 Park Pl., Secaucus NJ 07094
- Target; 700 Exterior St., Bronx, NY 10451
- Fresh City Deli; 925 Hunts Point Ave., Bronx, NY 10459

**INTERROGATORY NO. 4**

Identify all Persons selling food and/or beverages at which You or any member of Your household hold any kind of retailer or reward card, the name under which the retailer or reward card account is held, and any account numbers associated with such card.

**RESPONSE TO INTERROGATORY NO. 4**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above. Plaintiff also objects that this interrogatory calls for information that is irrelevant and thus is unduly burdensome and not proportional to the needs of the case because the interrogatory seeks personal and private information concerning members of Plaintiff's household, who are not parties to this action and whose personal affairs have no bearing on the substantive matters in dispute. The interrogatory is also overly broad and unduly burdensome in that it seeks discovery of "retailer or reward" cards for stores at which Plaintiff never purchased Bai Waters.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that he does not possess any retailer or reward cards for Walmart, Target, or Fresh City Deli, and objects to providing responsive information with respect to any retailer or reward cards, if any, for stores at which he did not purchase Bai Waters.

**INTERROGATORY NO. 5**

Identify all Persons who purchased the Bai Waters on Your behalf or for consumption by You or in Your household.

**RESPONSE TO INTERROGATORY NO. 5**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above. Plaintiff further objects that this Interrogatory is unlimited in scope as to time, and seeks discovery of irrelevant purchases that may have happened when Plaintiff was a child. Thus, Plaintiff construes this Interrogatory to be limited to the Class Period.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: To the best of his recollection, no Person other than Plaintiff purchased Bai Waters on his behalf, or for his own consumption, during the Class Period.

**INTERROGATORY NO. 6**

Identify all Persons with whom You communicated regarding: (a) this Lawsuit or the claims or allegations in this Lawsuit; (b) Defendant or the Bai Water(s); (c) monk fruit extract, stevia leaf extract, or erythritol; or (d) actual or threatened class action or consumer litigation.

**RESPONSE TO INTERROGATORY NO. 6**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above. Plaintiff also objects that this interrogatory calls for information that is irrelevant and thus is unduly burdensome and not proportional to the needs of the case. Specifically, this request seeks any communication, without regard to scope of time or subject-matter, for any "actual or threatened class action or consumer litigation," and is thus irrelevant and not proportional to the needs of the case. Plaintiff also objects to this interrogatory on the grounds that it consists of multiple subparts, each of which should be treated as a separate interrogatory under Federal Rule of Civil Procedure 33(a)(1) because each itself contains multiple distinct subparts that address separate topics and seek information on varied aspects of Plaintiff's communications. As such, they constitute multiple interrogatories that Plaintiff treats as four separate and distinct interrogatories.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

(a) Aside from his counsel, Plaintiff has not spoken with any other Person regarding this Lawsuit or the claims or allegations in this Lawsuit.

(b) Aside from his counsel, Plaintiff has not spoken with any other Person regarding Defendant or the Bai Water(s).

(c) Aside from his counsel, Plaintiff has not spoken with any other Person regarding monk

fruit extract, stevia leaf extract, or erythritol.

(d) Plaintiff states that he, through his Counsel, communicated with Bai Brands, LLC concerning actual or threatened litigation.

**INTERROGATORY NO. 7**

Identify the computation of each category of damages alleged in this Lawsuit, including, for each and every purchase of the Bai Water(s) that You made during the Class Period: (a) the date of purchase; (b) the product flavor (e.g., Pilavo Pineapple Mango, Puna Coconut Pineapple, etc.); (c) the package type and size (e.g., single bottle, variety pack, etc.); (d) the quantity You purchased; (e) the price You paid; (f) the place of purchase; and (g) the identity of the Person making the purchase.

**RESPONSE TO INTERROGATORY NO. 7**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above. Plaintiff also objects that this interrogatory is vague and unintelligible in that it first asks Plaintiff to "Identify the computation of each category of damages alleged in this Lawsuit," then asks him to limit his answer to specific subpart questions and do not necessarily relate to a computation of categories of damages Plaintiff alleges. As a result, Plaintiff cannot respond to the Interrogatory as written. Moreover, Plaintiff does not agree that these discrete subpart questions adequately, or even partially, purport to "compute" any category of damages he alleges, particularly since this is a putative class action, and none of the subparts relate to putative class member purchases. Plaintiff also objects that subparts (f) and (g) are duplicative of Interrogatory Nos. 3 and 5, respectively. Plaintiff further objects that this interrogatory is impossible to respond to because no reasonable consumer, including Plaintiff, can recall each date on which they purchased low-salience consumer goods, particularly when repeatedly purchasing goods over time.

**INTERROGATORY NO. 8**

Identify the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

**RESPONSE TO INTERROGATORY NO. 8**

Plaintiff incorporates into this response the general objections and objections to Bai's instructions and definitions set forth above. Plaintiff also objects that this interrogatory calls for information that is irrelevant and thus is unduly burdensome and not proportional to the needs of the case in that it seeks the identity of any and all individuals in the possession of some unspecified universe of "information of a similar nature" or "other physical evidence" to "relevant documents." Plaintiff also objects that this interrogatory is vague and unintelligible in that Plaintiff cannot discern what Bai means by "relevant documents" in the context of this interrogatory, given its specific reference to "pertinent insurance agreements." Plaintiff also cannot discern what "pertinent insurance agreements" means in the context of this Interrogatory, in light of Bai's representation in its initial disclosures that there are no insurance agreements "to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: Plaintiff is not aware of the existence, custodian, or location of any pertinent insurance agreements that may be relevant to this Lawsuit, nor is Plaintiff aware of any "other physical evidence" or "information of a similar nature" concerning insurance agreements that may be relevant to this Lawsuit.

Dated: October 31, 2024

/s/ Trevor Flynn

**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD
*jfitzgerald@fmfpc.com*
TREVOR FLYNN (*pro hac vice*)
*tflynn@fmfpc.com*

2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741
***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 31, 2024, I served the foregoing Plaintiff's Responses to First Set of Interrogatories, by e-mail, on defendant's counsel of record as follows:

**BAKER BOTTS L.L.P.**
Monica H. Smith (monica.smith@bakerbotts.com)
Cheryl A. Cauley. (cheryl.cauley@bakerbotts.com)
Christina Romak (christina.romak@bakerbotts.com)

Dated: October 31, 2024

/s/ Trevor Flynn
Trevor Flynn

# VERIFICATION

I, Moussa Kouyate, am a plaintiff in this matter. I have read the foregoing PLAINTIFF'S RESPONSES TO BAI'S FIRST SET OF INTERROGATORIES, and based upon my personal knowledge, verify under penalty of perjury of the laws of the United States that the responses are true and correct to the best of my present knowledge and recollection.

Executed on 10/31/2024, in New York City, New York.
(date)

Signed by:
Moussa
953F1F2284FE4DF...
Moussa Kouyate