**BAKER BOTTS** L.L.P.

1001 PAGE MILL ROAD
BUILDING ONE, SUITE 200
PALO ALTO, CALIFORNIA
94304-1007

TEL  +1 650.739.7500
FAX +1 650.739.7699
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
**PALO ALTO**
RIYADH
SAN FRANCISCO
SINGAPORE
WASHINGTON

February 25, 2025

**VIA ECF**

Cheryl Cauley
TEL: 6507397557
FAX: 6507397657
cheryl.cauley@bakerbotts.com

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

> Re:  *Kouyate v. Bai Brands, LLC*; Case No. 24-cv-3993 – **Plaintiff's Request to Vacate Scheduling Order or, in the Alternative, Order Defendant to Complete Production of Documents and Continue Certain Deadlines**

Dear Judge Subramanian:

Defendant Bai Brands, LLC ("Bai") submits the following response to Plaintiff's letter-motion dated February 21, 2025 (ECF 50) requesting that the Court either vacate the case schedule, or continue certain deadlines and order Bai to complete its document production within one week. Bai does not oppose vacating the case schedule, but requests that, should the case proceed after an order on the parties' pending motions, the schedule be revisited at that time. Bai also opposes Plaintiff's request that the Court order Bai to complete its document production within one week, given that Bai has completed the majority of its document production and the fact discovery cutoff is not until May 30, 2025.

**Bai Does Not Oppose Vacating the Schedule At This Time and Proposes Revisiting the Schedule In the Event the Case Proceeds**

As an initial matter, Plaintiff's request to vacate or modify the scheduling order is premature, given Bai's pending motion to dismiss for lack of subject matter jurisdiction and Plaintiff's pending motion to amend the complaint to substitute a new plaintiff. *See* ECF 34–36, 40, 46 and ECF 42–44, 48–49. Should Bai's motion be granted, the case would be dismissed (negating any need for a case schedule), and should Plaintiff's motion be granted, the case schedule would need to be revisited at that time.

Bai does not oppose vacating the scheduling order, but requests that it be revisited only in the event the case proceeds with a new plaintiff, because—as Bai articulated in its opposition to Plaintiff's motion for leave to amend—Bai would need to start from scratch to take discovery of an entirely new plaintiff, and the current schedule would not be workable. *See* ECF 48 at 10.

**BAKER BOTTS** LLP

- 2 -

**Bai Has Completed the Majority of its Document Production and Has Produced Documents Responsive to Nearly All of Plaintiff's Requests**

Plaintiff unilaterally requests that the Court order Bai to complete its document production within one week, though omits from the letter-motion that, in the process of meeting and conferring on this issue, Bai explained that it would be able to complete its document production within approximately three weeks of any order on the pending motions, should the case proceed at all, which it should not.

Plaintiff frames the issue for the Court as though Bai is holding back documents when, in reality, Bai has completed most of its production as of December 24, 2024 and the remaining documents to be produced consist of narrowly-targeted email communications. Bai has already produced several hundred documents responsive to nearly all of Plaintiff's requests, including those most relevant to Plaintiff's expert reports (and to Plaintiff's claims in general). In particular, Bai has produced: complete sales data for the relevant products; all relevant market research for the products; all relevant documentation from third-party suppliers regarding stevia leaf extract, monk fruit extract, and erythritol; and all documentation concerning labeling and advertising for the relevant products. All that is left for Bai to produce are some targeted collections of email communications responsive to a small number of requests. Plaintiff has not explained how these email communications are relevant to his expert reports or would impact his ability to meet his expert disclosure deadline of March 17, 2025, nor has Plaintiff explained his need for Bai to produce emails within one week, given that the fact discovery cutoff is currently set for nearly three months from now on May 30, 2025.

Bai respectfully requests that the Court deny Plaintiff's request to continue the case deadlines pursuant to Plaintiff's proposed schedule and deny Plaintiff's request to order Bai to complete its document production within one week. Bai does not oppose Plaintiff's request to vacate the scheduling order.

Respectfully,

*/s/ Cheryl Cauley*
Cheryl Cauley

CC