UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOUSSA KOUYATE, <br><br> Plaintiff, <br><br> -against- <br><br> BAI BRANDS, LLC, <br><br> Defendant. | 24-cv-3993 (AS) <br><br> <u>OPINION AND ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

### I. Kouyate Has Standing to Bring This Case

Bai Brands moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). On a facial 12(b)(1) motion, the Court evaluates jurisdiction "based solely on the allegations" in the pleadings. *Id.* On a fact-based 12(b)(1) motion, "the defendant can proffer evidence outside the pleadings to challenge the plaintiff's allegations of standing." *Lugo v. City of Troy*, 114 F.4th 80, 87 (2d Cir. 2024). If a defendant's evidence "contradict[s] plausible allegations that are themselves sufficient to show standing," then plaintiffs must "come forward with evidence of their own to controvert that presented by the defendant." *Carter*, 822 F.3d at 57. Bai's challenge is fact-based. It argues that because Kouyate has no proof that he purchased any Bai product, he can't show a specific price premium injury and thus has no standing to bring this case. Kouyate says that Bai's extrinsic evidence doesn't contradict the plausible allegations of standing in the complaint and thus requires no evidentiary response.

Kouyate is correct. Because he plausibly alleged standing in the complaint, it is Bai's burden to come up with evidence that contradicts those allegations in order to initiate a fact-based jurisdictional challenge. The complaint states that Kouyate "regularly purchased [Bai beverages] for the last several years . . . approximately every 2-3 weeks." Dkt. 1 ¶ 45. When making his purchases, Kouyate "was exposed to, read, and relied upon Bai's labeling claim, 'No Artificial Sweeteners.'" *Id.* ¶ 46. He "would not have purchased the Bai Waters, or would not have been willing to pay the price he paid, if he knew that the 'No Artificial Sweeteners' labeling claim was false and misleading." *Id.* ¶ 48. Bai and Kouyate agree that nothing more is required to adequately plead the injury-in-fact requirement of Article III standing. *See* Dkt. 35 at 1 ("The [c]omplaint alleges [Kouyate] has standing because he suffered injury in the form of a 'price premium' when he purchased Bai's flavored water products."); *see also In re Colum. Coll. Rankings Action*, 2024 WL 1312511, at *5 (S.D.N.Y. Mar. 26, 2024) ("A plaintiff can show an economic injury-in-fact by alleging 'an overpayment or "price premium," whereby a plaintiff pays more than she would

have but for the deceptive practice.'" (citation omitted)). Bai's evidence doesn't contradict these plausible allegations. It points to Kouyate's "discovery responses," in which he "cannot establish how much he paid for the products at any particular store on any particular date" and "has no record at all that he purchased any of the Bai Products." Dkt. 35 at 5–6. Unlike in *Lenzi v. L.L. Bean, Inc.*, 2023 WL 8237484 (W.D.N.Y. Nov. 28, 2023), where the defendant had proof that the plaintiff never actually purchased the product (despite her claim that she did), *see id.* at *2–3, here Bai's evidence doesn't call any of Kouyate's allegations into question. Kouyate may not have kept every receipt or made detailed notes about how much he paid for each bottle of Bai, but that doesn't mean that he didn't make the purchases. All this shows is that Kouyate wasn't acting with an eye toward future litigation when he bought Bai drinks. Because Bai's evidence doesn't contradict Kouyate's allegations, Kouyate doesn't need to do anything more here than point to his pleadings. Bai's two other cited cases, *Weiner v. Snapple Beverage Corp.*, 2011 WL 196930 (S.D.N.Y. Jan. 21, 2011), and *Colpitts v. Growers*, 2023 WL 2752161 (S.D.N.Y. Mar. 31, 2023), were both summary judgment decisions. That might be a sign to Bai as to how to proceed, as Kouyate might have difficulty later proving his case. But the motion to dismiss is DENIED.

## II.  Kouyate May Amend His Complaint

Shortly after Bai filed its Rule 12(b)(1) motion to dismiss, Kouyate moved for leave to amend his complaint. He seeks to substitute Lana Zinger as the named plaintiff in this case because he does not "want his face and voice recorded," which he understands is a requirement of continuing with this case. Dkt. 43 at 1–2. Bai objects to amendment, arguing principally that Kouyate's proposed amendment is impermissible because it tries to fix a jurisdictional flaw and additionally that the Court should not exercise its discretion to allow amendment.

Bai's jurisdiction-based arguments against amendment are moot given the Court's denial of its Rule 12(b)(1) motion to dismiss. As to Bai's other arguments, Federal Rule of Civil Procedure 15(a)(2) states that courts "should freely give leave [to amend] when justice so requires." "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). But where "a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (citations omitted). The "good cause" analysis "turns on the 'diligence of the moving party.'" *Id.* at 335 (citation omitted).

First, Kouyate acted diligently in seeking to substitute a new named plaintiff in his place, so there is good cause for allowing the amendment despite deadlines in the Court's scheduling order. Kouyate's attorneys discovered mid-January that he was unwilling to be recorded during his deposition, and they immediately alerted Bai and initiated discussions about potential paths forward. Dkt. 44 ¶¶ 3–5. There is no indication that counsel were aware of Kouyate's privacy concerns before this point, especially as Kouyate provided his availability for a deposition. Nor

does the Court see good reason to deny leave to amend. On futility and bad faith, Bai's arguments are based on the Court's purported lack of subject matter jurisdiction over this case, which the Court resolved on the motion to dismiss. On undue delay, Bai argues that Kouyate's attorneys should have known earlier about his refusal to be recorded. But allowing amendment here would not substantially affect the schedule of the case, especially given the Court's extension of the case timeline at Dkt. 52. *See Schvimmer v. Off. of Ct. Admin.*, 857 F. App'x 668, 672 (2d Cir. 2021) ("[M]ost delays warranting denial of leave to amend are several years in length . . . ."). And on undue prejudice, Bai relies on the need to do additional discovery. But again, the Court has already extended case deadlines, and Bai may request additional extensions if there are compelling reasons to do so. Kouyate may thus amend his complaint.

## CONCLUSION

For these reasons, Bai's motion to dismiss is DENIED, and Kouyate's motion for leave to amend is GRANTED. The Clerk of Court is respectfully directed to terminate the motions at Dkts. 34 and 42.

SO ORDERED.

Dated: March 6, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge