**BAKER BOTTS** L.L.P.

1001 PAGE MILL ROAD
BUILDING ONE, SUITE 200
PALO ALTO, CALIFORNIA
94304-1007

TEL +1 650.739.7500
FAX +1 650.739.7699
BakerBotts.com

AUSTIN         NEW YORK
BRUSSELS       **PALO ALTO**
DALLAS         RIYADH
DUBAI          SAN FRANCISCO
HOUSTON        SINGAPORE
LONDON         WASHINGTON

June 27, 2025

Cheryl Cauley
TEL: 6507397557
FAX: 6507397657
cheryl.cauley@bakerbotts.com

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

   Re: *Zinger v. Bai Brands, LLC*; Case No. 24-cv-3993 – Letter-Motion to Compel Production of Facts, Data, and Assumptions Considered by Plaintiff's Expert Chris Denove

Dear Judge Subramanian:

  Pursuant to Section 5 of this Court's Individual Practices, Defendant Bai Brands, LLC ("Bai") submits this letter-motion to compel production of facts, data and assumptions considered by Plaintiff's expert Chris Denove in conducting his survey and forming his opinions in this case.

  As the Court is aware, Plaintiff alleges that the "no artificial sweeteners" claim on the Bai Waters is false and misleading. *See* Dkt. 55 at 1. Although Plaintiff's First Amended Complaint challenged three sweeteners in the Bai Waters as being "artificial" (erythritol, stevia leaf extract, and monk fruit extract), Plaintiff's class certification motion now challenges only one of these sweeteners as artificial—erythritol. *See* Dkt. 60 at 4 n.3.

  Plaintiff hired a mock trial consultant, Chris Denove, to conduct a survey that purported to test consumer understanding of whether erythritol—as well as stevia leaf extract, cane sugar, and aspartame—are artificial or natural based on the supposed manufacturing processes used to make these ingredients. *See id.* at 6. In the survey, each respondent was shown a description of the manufacturing process for one of the sweeteners and asked whether the sweetener was natural or artificial, and whether their decision was an "easy decision" or a "close call." *See id.*

  In his March 31, 2025 declaration, Mr. Denove did not describe how he crafted the descriptions of the sweeteners. He also did not claim the descriptions were based on the processes used by Bai's suppliers, and he did not provide a list of materials considered as required by Rule 26(a)(2)(B)(ii). Therefore, before Mr. Denove's deposition, Bai's counsel asked Plaintiff's counsel to provide a list of materials considered by Mr. Denove. *See* Ex. A. Plaintiff's counsel responded by identifying a single document, which was a process flow chart for monk fruit, a sweetener Denove did not even test in his survey. *See id.*

  At his deposition, when asked how he crafted the descriptions of the sweeteners he tested, Mr. Denove testified that he relied on his own "Internet research." *See* Ex. B, Denove Tr. at 63:22-66:7 ("Q. So can you kind of walk me through how the descriptions came about, if you wouldn't

**BAKER BOTTS** LLP

- 2 -

mind? Did you draft them and then clarify them with counsel, or how did that work? A. . . . I believe I did some independent research, you know, to come up with four possible descriptions. . . . I'm sure counsel reviewed those. . . . Q. So in drafting the descriptions of each of the four ingredients you tested, you relied on your Internet research? . . . A. Yeah. My Internet research played a -- to the best of my memory -- a key role. Q. And what sorts of Internet research did you do? Do you recall any specific websites you reviewed? A. No."). Mr. Denove testified that he did not consult any documentation from Bai's suppliers about how they prepare erythritol. *Id.* at 66:13-17 ("Q. Did you consult any documentation from BAI or its suppliers about how BAI's suppliers prepare erythritol? A. No.").

However, at the very end of the deposition, Plaintiff's counsel disclosed for the first time—and marked as an exhibit—an email chain from Plaintiff's counsel to Mr. Denove, which stated, "Hi Chris, Jack and I worked on coming up with some basic, easier to understand manufacturing steps for us in a potential survey along with some thoughts for how to frame it up." *See* Ex. C. That email attached a document, but Plaintiff's counsel did not provide the attachment to the email chain. *See id.* On redirect, Plaintiff's counsel asked Mr. Denove if this email chain refreshed his recollection "about how the descriptions in your survey were derived," and Mr. Denove said it did. *See* Ex. B, Denove Tr. at 337:5-8. Plaintiff's counsel further attempted to use this email to establish that the processes crafted by Plaintiff's counsel and used by Mr. Denove were in fact based on Bai's supplier's processes. *See id.* at 337:24-338:6 ("Q. Does -- having reviewed this email chain, does this -- as you sit here today, is it your best understanding that the descriptions of erythritol and Stevia that were used in your survey are based on the manufacturing processes used by suppliers of those ingredients? A. Yes. To the best of my knowledge, yes."). Bai's counsel immediately requested production of the <u>document attached to the email chain</u> on the record, *see id.* at 338:9-14, and in a follow-up email to Plaintiff's counsel following the deposition, *see* Ex. D.

When the parties met and conferred, Plaintiff's counsel conceded that Mr. Denove relied on the information they provided, admitting that their descriptions were "useful in coming up with the descriptions in the survey." Plaintiff's counsel further admitted that the email chain was introduced at the end of the deposition because Mr. Denove "testified incorrectly about how he came up with the descriptions." Plaintiff's counsel's only substantive objection to producing the attachment to the email chain was that it was purportedly attorney work product.

But Plaintiff's counsel is wrong. The Federal Rules are clear that an expert's report must contain "the facts or data considered by the witness in forming [their opinions]." *See* Fed. R. Civ. P. 26(a)(2)((B)(ii). Rule 26 further provides that communications between the party's attorney and expert witness are privileged and protected from disclosure, "except to the extent that the communications . . . identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed [or] identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C)(ii)-(iii).

Here, Plaintiff does not even dispute that Mr. Denove relied on the descriptions provided by Plaintiff's counsel for the sweetener descriptions in his survey. Bai is entitled to discovery of

**BAKER BOTTS** LLP

- 3 -

those descriptions. Plaintiff's counsel cannot use its communication with its expert regarding the descriptions of the sweetener manufacturing processes as both a sword and a shield, to use portions when convenient for them but hide other portions when requested by Bai.

Plaintiff's counsel has also acknowledged that the requested descriptions are responsive to Bai's Request for Production No. 24, which requests "all Documents relating to the survey conducted by Your expert Chris Denove including all data and information collected in connection with the survey or any pretest thereof, all links to the survey, and all programming instructions for the survey." *See* Exs. D, E. But Plaintiff argued its responses were not due until the last day of discovery, June 27. *See* Ex. D ("Monica, we don't disagree that these items are covered by your Request for Production No. 24, served on May 28, for which our written response is due June 27."). Today is June 27, and Plaintiff served its responses to Bai's RFP No. 24. In those responses, Plaintiff is refusing to produce any further documents, and claiming privilege over the sweetener descriptions that Plaintiff's counsel provided to Mr. Denove for use in his survey. *See* Ex. E.

Therefore, Bai respectfully requests that the Court compel Plaintiff to produce those descriptions, along with any other facts, data, or assumptions that Mr. Denvoe considered, including any such materials in the electronic "case file" he identified at this deposition. *See* Ex. B at 14:15-31:24.

The parties conferred by phone about this request on June 17, 2025 at 2:00pm ET for approximately 20 minutes. Bai Lead Counsel Cheryl Cauley and Plaintiff Lead Counsel Trevor Flynn participated, as well as Bai counsel Monica Smith. Bai informed Plaintiff that it believed the parties to be at an impasse and it would be requesting a conference with the Court.

Plaintiff should disclose any information considered by Mr. Denove in forming his opinions (regardless of whether any work-product protection would otherwise attach) by **July 24, 2025**. Mr. Denove may not offer any opinions related to information that plaintiff chooses not to disclose to defendant. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 67.

Respectfully submitted,

/s/ *Cheryl Cauley*
Cheryl Cauley

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: July 18, 2025