

2341 Jefferson Street, Suite 200
San Diego, California 92110

August 22, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

**Re:** *Zinger v. Bai Brands, LLC*; Case No. 24-cv-3993 – Letter Motion to Consider Whether Another Party's Material Should Be Maintained Under Seal

Dear Judge Subramanian:

Pursuant to Section 6 of the S.D.N.Y. Electronic Case Filing Rules, the Court's Individual Rules of Practice § 11(C), and the Protective Order entered in this matter, Dkt. No. 31, Plaintiff requests she be given leave to file under seal redacted portions of Plaintiff's Oppositions to Bai's Mot. to Exclude Plaintiff's Expert Chris Denove ("Denove Opp."), and to file under seal Exhibit 5 in support thereof, which is attached to the Declaration of Jack Fitzgerald in Opposition to Bai's Motions to Exclude Plaintiff's Expert Witnesses ("Fitzgerald Decl."), which has been designated "Confidential" by Defendant.

As part of discovery produced in this case, Bai designated certain documents "Confidential" under the Protective Order.

After conferring with Bai's counsel concerning whether it ought to maintain the "Confidential" designation for the entirety of Exhibit 5, limit its designations to only specific portions that may be redacted (with the remainder filed publicly), or withdraw those designations so that the documents may be filed publicly, Bai confirmed it was maintaining the confidentiality of the entire document.

Pursuant to the Protective order, "[a]ll Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal," Dkt. No. 31 ¶ 6. Therefore, Plaintiff provisionally files Exhibit 5 to the Fitzgerald Decl. under seal.

Plaintiff also provisionally files a redacted version of the Denove Opp., redacting information derived from documents obtained from Bai and from third-parties, designated Confidential or Highly Confidential) For the same reasons the Court entered the Protective Order, good cause exists to permit Plaintiff to file an unredacted version of the Dennis Opp. and to file

Trevor Flynn | tflynn@fmfpc.com | (619) 215-1744

Exhibit 5 to the Fitzgerald Decl. under seal. In ruling on a motion to seal, the Court must balance the competing interests at stake, which include the public's interest in access to judicial documents, and the privacy interest of the party resisting disclosure. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Respectfully submitted,

/s/ Trevor Flynn
Trevor Flynn
**Fitzgerald Monroe Flynn PC**
*Counsel for Plaintiff*

cc:   All counsel of record, via CM/ECF

> The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions.
>
> The Clerk of Court is respectfully directed to terminate ECF No. 82.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: August 27, 2025

