**BAKER BOTTS** L.L.P.

1001 PAGE MILL ROAD
BUILDING ONE, SUITE 200
PALO ALTO, CALIFORNIA
94304-1007

TEL +1 650.739.7500
FAX +1 650.739.7699
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
**PALO ALTO**
RIYADH
SAN FRANCISCO
SINGAPORE
WASHINGTON

August 27, 2025

**VIA ECF**

Cheryl Cauley
TEL: 6507397557
FAX: 6507397657
cheryl.cauley@bakerbotts.com

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

   Re: *Zinger v. Bai Brands, LLC*; Case No. 24-cv-3993 – Letter Motion to Seal

Dear Judge Subramanian:

  Pursuant to Section 11(C)(i) and (ii) of this Court's procedures, Section 6 of the S.D.N.Y. Electronic Case Filing Rules, the Protective Order entered in this matter (ECF 31), and in response to Plaintiff's Letter Motion to Consider Whether Another Party's Material Should Be Maintained Under Seal (ECF 82), Defendant Bai Brands, LLC ("Bai") requests that the entirety of Exhibit 5 to Plaintiff's Opposition to Bai's Motion to Exclude Plaintiff's Expert Chris Denove ("Denove Opp.") be sealed and that the portions of the Denove Opp. that refer to or describe this document remain redacted.

  The redacted information in the Denove Opp. describes and cites to Exhibit 5, a document that the producing party (Bai) has designated as confidential under the Protective Order in this case.

  While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute, and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

  Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-CV-2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 16-CV-04762, 2022 WL 1450737 at *2 (S.D.N.Y. May 9, 2022) (granting motion to seal confidential business documents that revealed the party's source code and software functions and noting that "[i]n the context of business documents like those at issue here,

**BAKER BOTTS** LLP

- 2 -

a party may overcome the presumption of access upon a showing of higher values such as 'the protection of sensitive, competitive, or proprietary business information'") (citing *Whittaker v. MHR Fund Mgmt. LLC*, No. 20-CV-7599, 2021 WL 4441524, at *2 (S.D.N.Y. Sept. 28, 2021)).

**Sealing Justification – Proprietary Bai and Third-Party Information (Denove Opp., Exhibit 5 to Denove Opp.):** Exhibit 5 and the redacted portion of the Denove Opp. that describes this Exhibit reflect a detailed description of the production method for erythritol. The document originates from a third-party erythritol manufacturer that provided the erythritol used in some of the Bai Water products. Disclosure of this document would allow competitors access to confidential information concerning the formulation of an ingredient in the Bai Water products and would also allow competitors access to proprietary third-party information. Courts in this District recognize that these types of materials are appropriately maintained under seal. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal and noting that "material concerning the defendants' . . . product development" was "highly proprietary" and could "remain under seal"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal information related to testing, qualitative market research, and research and development for new products).

Specifically, Exhibit 5 provides a detailed description of the production method for erythritol used by a third-party erythritol manufacturer, which is confidential and proprietary information and is marked with a "Confidential" designation.

Exhibit 5 should be maintained under seal, as it contains confidential, sensitive, and competitive third-party business information related to the formulation of an ingredient used in the Bai Water products. *See GoSMiLE, Inc.*, 769 F. Supp. 2d at 649-50. Likewise, the portion of the Denove Opp. that describes this exhibit should remain redacted.

Respectfully submitted,

*Cheryl Cauley*
Cheryl Cauley

GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 87.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 28, 2025