# BAKER BOTTS L.L.P.

|  |  |  |
|---|---|---|
| Cheryl Cauley<br>TEL: 6507397557<br>FAX: 6507397657<br>cheryl.cauley@bakerbotts.com | 1001 PAGE MILL ROAD<br>BUILDING ONE, SUITE 200<br>PALO ALTO, CALIFORNIA<br>94304-1007<br><br>TEL  +1 650.739.7500<br>FAX  +1 650.739.7699<br>BakerBotts.com | AUSTIN         NEW YORK<br>BRUSSELS    PALO ALTO<br>DALLAS         RIYADH<br>DUBAI           SAN FRANCISCO<br>HOUSTON    SINGAPORE<br>LONDON      WASHINGTON |

May 5, 2025

**GRANTED.**

**VIA ECF**

The Clerk of Court is respectfully directed to terminate the motions at ECF No. 63 and 59 (as defendant has replied to designate which of the exhibits it wants under seal).

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 1007

**SO ORDERED.**

*[signature]*

Arun Subramanian, U.S.D.J.
Date: September 23, 2025

Re:   *Zinger v. Bai Brands, LLC*; Case No. 24-cv-3993 – Letter Motion to Seal

Dear Judge Subramanian:

Pursuant to Section 11(C)(i) and (ii) of this Court's procedures, Section 6 of the S.D.N.Y. Electronic Case Filing Rules, the Protective Order entered in this matter (ECF 31), and in response to Plaintiff's Letter Motion to Consider Whether Another Party's Material Should Be Maintained Under Seal (ECF 59), Defendant Bai Brands, LLC ("Bai") requests that Exhibits 2-5, 7-9, and 16 to Plaintiff's Motion for Class Certification ("Motion") be sealed and that the portions of Plaintiff's Motion that refer to or describe these documents remain redacted.

The redacted information in the Motion describes and cites to documents that the producing party (Bai) has designated as confidential under the Protective Order in this case, and the exhibits have been designated with a confidential designation under the Protective Order.

While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute, and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-CV-2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 16-CV-04762, 2022 WL 1450737 at *2 (S.D.N.Y. May 9, 2022) (granting motion to seal confidential business documents that revealed the party's source code and software functions and noting that "[i]n the context of business documents like those at issue here, a party may overcome the presumption of access upon a showing of higher values such as 'the

**BAKER BOTTS** LLP

- 2 -

protection of sensitive, competitive, or proprietary business information'") (citing *Whittaker v. MHR Fund Mgmt. LLC*, No. 20-CV-7599, 2021 WL 4441524, at *2 (S.D.N.Y. Sept. 28, 2021)).

**Sealing Justification – Bai Information (Motion, Exhibits 2-5, 7-9, and 16 to Motion):** Exhibits 2-5, 7-9, and 16, and the redacted portions of the Motion that describe these Exhibits, disclose sensitive business information, as detailed below, including internal and non-public marketing, advertising, and branding information and strategy, all created within the past several years. Disclosure of these documents would allow competitors access to Bai's internal design, advertising, and marketing ideas, confidential market research, and internal strategies, which may harm Bai's ability to compete in the future. Courts in this District recognize that these types of materials are appropriately maintained under seal. *See, e.g.*, *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal information related to testing, qualitative market research, and research and development for new products); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (noting that "material concerning the defendants' marketing strategies [and] product development" was "highly proprietary" and could "remain under seal"). In addition, Bai's documents that reveal personal identifying information of third parties are likewise appropriately maintained under seal. *See In re American Realty Capital Properties, Inc. Litigation*, 15-cv-307, 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (noting that sealing is appropriate to "protect[] privacy interests, including by redacting certain non-relevant personal identifying information."). Specifically:

1. Exhibit 2 is an internal email and attachment containing confidential product development and strategy information related to the Bai Water product.

2. Exhibit 3 is a confidential draft email to a key brand ambassador containing marketing strategy information for the Bai Water products.

3. Exhibits 4 and 5 are documents containing Bai's confidential market research. Exhibit 4 is internally marked as "Strictly Confidential" and Exhibit 5 is internally marked as "CONFIDENTIAL: FOR INTERNAL USE ONLY."

4. Exhibit 7 is a confidential marketing and advertising strategy document and is internally marked "INTERNAL ONLY – Do Not Distribute."

5. Exhibit 8 is a confidential internal document discussing transition to the new bottle and the reformulation for the Bai Waters and discussing action items. It is internally marked as "KDP CONFIDENTIAL."

6. Exhibit 9 is a confidential internal email chain discussing strategy regarding consumer inquiries regarding a particular product ingredient.

7. Exhibit 16 is a compilation of several confidential internal email threads discussing consumer inquiries, which include names, email addresses, and telephone numbers of various consumers.

**BAKER BOTTS** LLP

- 3 -

      The exhibits referenced above should be maintained under seal, as these documents contain confidential, sensitive, and competitive business information related to Bai's product development, marketing, and advertising strategies, the formulation of its Bai Water products, and market research, in addition to personal identifying information of various consumers. *See GoSMiLE, Inc.*, 769 F. Supp. 2d at 649-50; *Automated Mgmt. Sys., Inc.*, 2022 WL 1450737 at *2; *In re American Realty Capital Properties, Inc. Litigation*, 2019 WL 11863704, at *1. Likewise, the portions of Plaintiff's Motion that describe these exhibits should remain redacted.

      Respectfully submitted,

      *Cheryl Cauley*
      Cheryl Cauley