**BAKER BOTTS** L.L.P.

1001 PAGE MILL ROAD
BUILDING ONE, SUITE 200
PALO ALTO, CALIFORNIA
94304-1007

TEL +1 650.739.7500
FAX +1 650.739.7699
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
**PALO ALTO**
RIYADH
SAN FRANCISCO
SINGAPORE
WASHINGTON

September 26, 2025

**VIA ECF**

Cheryl Cauley
TEL: 6507397557
FAX: 6507397657
cheryl.cauley@bakerbotts.com

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

      Re:    *Zinger v. Bai Brands, LLC*; Case No. 24-cv-3993 – Letter Motion to Seal

Dear Judge Subramanian:

      Pursuant to Sections 11(C)(ii) and (iii) of this Court's procedures, Section 6 of the S.D.N.Y. Electronic Case Filing Rules, and the Protective Order entered in this matter (ECF 31), Defendant Bai Brands, LLC ("Bai" or "Defendant") requests that the designated portions of Exhibits 4–6, 18–20, and 24–26 to Defendant's Motion for Summary Judgment ("Motion"), as well as the designated portions of Defendant's Motion and Separate Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment ("SUF") that refer to or describe these documents and other confidential material, be sealed. Bai's request is narrowly tailored, only requesting to seal limited portions of the materials above that reflect confidential material. Such confidential portions are shown in green highlight in the sealed versions of the filings.

      While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute, and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

      Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-CV-2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 16-CV-04762, 2022 WL 1450737 at *2 (S.D.N.Y. May 9, 2022) (granting motion to seal confidential business documents that revealed the party's source code and software functions and noting that "[i]n the context of business documents like those at issue here, a party may overcome the presumption of access upon a showing of higher values such as 'the

**BAKER BOTTS** LLP

- 2 -

protection of sensitive, competitive, or proprietary business information'") (citing *Whittaker v. MHR Fund Mgmt. LLC*, No. 20-CV-7599, 2021 WL 4441524, at *2 (S.D.N.Y. Sept. 28, 2021)).

**Sealing and Redaction Justification – Bai and Third-Party Information (Motion, Exhibits 4–6, 18–20, and 24–26 to Motion, and SUF):** Exhibits 4–6, 18–20, and 24–26 to the Motion and the designated portions of the Motion and SUF disclose sensitive business information, as detailed below, including internal and non-public market research and marketing strategy information, pricing and sales data, and information regarding the preparation of the erythritol used in the Bai Waters based on confidential and proprietary information from third-party suppliers, all from the past several years. Disclosure of this information would allow competitors access to Bai's internal marketing strategy information, confidential market research, internal sales and pricing information, and details regarding the preparation of an ingredient in the Bai Waters, which may harm Bai's ability to compete in the future.

Courts in this District routinely recognize that these types of materials are appropriately maintained under seal. *See, e.g.*, *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-CV-1308, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal information related to testing, sales and revenue, qualitative market research, and research and development for new products); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (noting that "material concerning the defendants' marketing strategies [and] product development" was "highly proprietary" and could "remain under seal"); *Grayson v. Gen. Elec. Co.*, No. 3:13-CV-1799, 2017 WL 923907, at *3 (D. Conn. Mar. 7, 2017) (finding that disclosure of documents reflecting "the amount of [product] sold relates directly to confidential information about pricing and profit, and disclosure thereof could cause defendant competitive harm"); *DoorDash, Inc. v. City of New York*, No. 21-CV-10347, 2024 WL 4285682, at *3 (S.D.N.Y. Sept. 24, 2024) ("Courts commonly find that documents containing confidential information about a corporation's business models, its sources of revenue, and the amounts of revenues and sales it receives from different products may properly remain under seal.").

Specifically, Bai seeks to redact and file under seal the following:

1. Exhibit 4 to the Motion is the deposition transcript of one of Bai's Rule 30(b)(6) corporate representatives, Diane Malunowicz, which contains testimony regarding the preparation of erythritol used in the Bai Waters and the identity of Bai's suppliers of erythritol, stevia leaf extract, and monk fruit extract. The redacted testimony refers to confidential and proprietary information provided by third party suppliers of the sweeteners.

2. Exhibits 5, 6, 18, 19, and 20 to the Motion contain proprietary and confidential third-party information about the preparation of erythritol from Bai's suppliers. Exhibit 18 has been designated by the third party as "Confidential" pursuant to the Protective Order in this case and has previously been filed under seal by Plaintiff as Exhibit 12 to Plaintiff's Motion for Class Certification. Exhibits 5, 6, 19, and 20 have been designated by Bai as confidential according to the Protective Order in this case.

**BAKER BOTTS** LLP

- 3 -

3. Exhibits 24 and 25 are documents containing Bai's confidential market research and marketing strategy regarding the Bai Waters. Both exhibits have been designated as Confidential according to the Protective Order in this case.

4. Exhibit 26 to the Motion is the Expert Report of Bai's expert, Dr. Keith Ugone. Dr. Ugone's Report has been designated according to the Protective Order, and the redacted portions contain Bai's internal and confidential data on sales and pricing as well as confidential and proprietary market research and marketing strategy information.

5. The redacted portions of the Motion and SUF refer to proprietary and confidential information concerning the preparation of erythritol used in the Bai Waters, as well as proprietary and confidential information from Bai's internal marketing materials which have been designated as confidential pursuant to the Protective Order in this case and reflect proprietary and confidential market research and marketing strategy information.

The materials referenced above should be maintained under seal, as they contain confidential, sensitive, and competitive business information related to Bai's marketing strategies, market research, internal sales and pricing data, and the preparation of a sweetener used in the Bai Waters. *See Playtex Prods*, 2016 WL 1276450, at *11; *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50; *DoorDash, Inc.*, 2024 WL 4285682, at *3; *Grayson*, 2017 WL 923907, at *3.

Respectfully submitted,

*/s/ Cheryl Cauley*
Cheryl Cauley

The motion to seal is GRANTED temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 96.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 29, 2025