

2341 Jefferson Street, Suite 200
San Diego, California 92110

GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 107.

October 24, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 27, 2025

**Re:** *Zinger v. Bai Brands, LLC*; Case No. 24-cv-3993 – Letter Motion to Consider Whether Another Party's Material Should Be Maintained Under Seal

Dear Judge Subramanian:

Pursuant to Section 6 of the S.D.N.Y. Electronic Case Filing Rules, the Court's Individual Rules of Practice § 11(C), and the Protective Order entered in this matter, Dkt. No. 31, Plaintiff requests she be given leave to file under seal redacted portions of Plaintiff's Response to Defendant's Separate Statement of Undisputed Material Facts in Support of Motion For Summary Judgment ("PSUF") and Memorandum of Law in Opposition to Bai's Motion for Summary Judgment ("Memorandum"), and to file under seal those exhibits in support thereof, and attached to the Declaration of Jack Fitzgerald ("Fitzgerald Decl."), which have been designated "Confidential" or "Highly Confidential" by Defendant Bai Brands, LLC ("Bai") and third parties.

As part of discovery produced in this case, Bai designated certain documents "Confidential" under the Protective Order. Similarly, in response to subpoenas, two third parties, Cargill, Inc. and GC Chemicals Corporation, designated documents they produced as "Confidential" or "Highly Confidential."

Plaintiff conferred with Bai concerning whether it ought to maintain the "Confidential" designations for the entire documents, limit its designations to only specific portions that may be redacted (with the remainder filed publicly), or withdraw those designations so that the documents may be filed publicly. Bai is maintaining its designations for each exhibit, and maintains that each exhibit should be filed under seal in its entirety, except that it asked that Plaintiff redact only those portions of Exhibit 43, Bai's Amended Responses to Interrogatories, which Bai said Plaintiff could otherwise file publicly. Fitzgerald Decl. ¶ 16.

In connection with her motion for class certification, Plaintiff conferred with Cargill, Inc. whether its designations should be maintained concerning Exhibit 45, its counsel stated the entire document should be filed under seal because it constitutes confidential

manufacturing information not otherwise publicly available including to competitors. *Id*. ¶ 18.

Also in connection with her motion for class certification, my office emailed counsel for GC Chemicals Corporation concerning its designation with respect to Exhibit 46, and counsel informed us that the email chain is "confidential" in "that it contains trade secret information which is proprietary to GC Chemicals." *Id*. ¶ 19. Specifically, GC Chemicals disclosed its unique business units/models, information regarding proprietary pricing, and identification of certain manufacturer but did not receive a response. *Id*. Because its appears on the face of Exhibit 46 that it constitutes private, commercially and competitively sensitive information, Plaintiff requests leave to file these exhibits under seal.

Pursuant to the Protective order, "[a]ll Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal," Dkt. No. 31 ¶ 6. Therefore, Plaintiff provisionally files Exhibits 43-47, 55-57, and 59-63 to the Fitzgerald Decl. under seal.

Plaintiff also provisionally files redacted versions of the PSUF and Memorandum in Opposition to Bai's Motion for Summary Judgment, redacting information derived from exhibits designated confidential. For the same reasons the Court entered the Protective Order, good cause exists to permit Plaintiff to file unredacted versions of the Memorandum and PSUF and Exhibits 43-47, 55-57, and 59-63 under seal. In ruling on a motion to seal, the Court must balance the competing interests at stake, which include the public's interest in access to judicial documents, and the privacy interest of the party resisting disclosure. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Respectfully submitted,

/s/ Jack Fitzgerald
Jack Fitzgerald
**Fitzgerald Monroe Flynn PC**
*Counsel for Plaintiff*


cc:     All counsel of record, via CM/ECF

