**BAKER BOTTS** L.L.P.

1001 PAGE MILL ROAD
BUILDING ONE, SUITE 200
PALO ALTO, CALIFORNIA
94304-1007

TEL  +1 650.739.7500
FAX  +1 650.739.7699
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
**PALO ALTO**
RIYADH
SAN FRANCISCO
SINGAPORE
WASHINGTON

November 14, 2025

**VIA ECF**

Cheryl Cauley
TEL: 6507397557
FAX: 6507397657
cheryl.cauley@bakerbotts.com

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

   Re:  <u>Zinger v. Bai Brands, LLC</u>; Case No. 24-cv-3993 – Letter Motion to Seal

Dear Judge Subramanian:

  Pursuant to Sections 11(C)(ii) and (iii) of this Court's procedures, Section 6 of the S.D.N.Y. Electronic Case Filing Rules, and the Protective Order entered in this matter (ECF 31), Defendant Bai Brands, LLC ("Bai" or "Defendant") requests that the designated portions of Defendant's Reply in Support of its Motion for Summary Judgment ("Reply"), as well as the designated portions of Defendant's Response to Plaintiff's Statement of Additional Material Facts ("Response to PSUF") that refer to or describe documents filed under seal or other confidential material be sealed. Bai's request is narrowly tailored, only requesting to seal limited portions of the materials above that reflect confidential material. Such confidential portions are shown in green highlight in the sealed versions of the filings.

  While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute, and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

  Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-CV-2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 16-CV-04762, 2022 WL 1450737 at *2 (S.D.N.Y. May 9, 2022) (granting motion to seal confidential business documents that revealed the party's source code and software functions and noting that "[i]n the context of business documents like those at issue here, a party may overcome the presumption of access upon a showing of higher values such as 'the

**BAKER BOTTS** LLP

- 2 -

protection of sensitive, competitive, or proprietary business information'") (citing *Whittaker v. MHR Fund Mgmt. LLC*, No. 20-CV-7599, 2021 WL 4441524, at *2 (S.D.N.Y. Sept. 28, 2021)).

**Sealing and Redaction Justification – Bai Reply and Response to Plaintiff's Statement of Additional Material Facts):** The designated portions of the Reply and Response to PSUF disclose sensitive business information, as detailed below, including internal and non-public market research and marketing strategy information, and information regarding the preparation of the erythritol used in the Bai Waters based on confidential and proprietary information from third-party suppliers, all from the past several years. Disclosure of this information would allow competitors access to Bai's internal marketing strategy information, confidential market research, and details regarding the preparation of an ingredient in the Bai Waters, which may harm Bai's ability to compete in the future.

Courts in this District routinely recognize that these types of materials are appropriately maintained under seal. *See, e.g.*, *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-CV-1308, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal information related to testing, sales and revenue, qualitative market research, and research and development for new products); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (noting that "material concerning the defendants' marketing strategies [and] product development" was "highly proprietary" and could "remain under seal"); *Grayson v. Gen. Elec. Co.*, No. 3:13-CV-1799, 2017 WL 923907, at *3 (D. Conn. Mar. 7, 2017) (finding that disclosure of documents reflecting "the amount of [product] sold relates directly to confidential information about pricing and profit, and disclosure thereof could cause defendant competitive harm").

Specifically, Bai seeks to redact and file under seal the portions of its Reply and Response to PSUF that describe the following:

1. Bai's confidential market research, marketing strategy, and competitive strategy in the marketplace.

2. Confidential third-party information about the preparation of an ingredient in the Bai Waters.

The portions of Bai's Reply and Response to PSUF that refer to or describe this material should be redacted and maintained under seal, as they contain confidential, sensitive, and competitive business information related to Bai's marketing strategies, market research, and the preparation of a sweetener used in the Bai Waters. *See Playtex Prods*, 2016 WL 1276450, at *11; *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50; *DoorDash, Inc.*, 2024 WL 4285682, at *3; *Grayson*, 2017 WL 923907, at *3.

**BAKER BOTTS** LLP

- 3 -

Respectfully submitted,

GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 113.

*/s/ Cheryl Cauley*
Cheryl Cauley

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 18, 2025